H. E. BULLOCK, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

D. O. FOLEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

JOHN HAYSLETT, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

V. B. RENAKER, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket Nos. 13117–13120.    Promulgated May 23, 1928.

*E. J. Wells, Esq.*, and *Perry B. Miller, Esq.*, for the petitioners.
*L. L. Hight, Esq.*, for the respondent.

PHILLIPS: The petitioners appeal from the determination of .deficiencies in income tax for 1920 as follows:

| | |
|---|---:|
| H. E. Bullock | $26, 001. 72 |
| D. O. Foley | 2, 887. 13 |
| John Hayslett | 875. 93 |
| V. B. Renaker | 40. 00 |

The deficiencies asserted arise out of the same transaction and the proceedings were consolidated for hearing.

### FINDINGS OF FACT.

The petitioner, Hayslett, is a resident of Type, Ky. The other petitioners are residents of Lexington, Ky.

On or before June 3, 1920, and after March 1, 1913, the petitioners acquired shares of stock of the Kentucky Block Coal Co. in the amount of and at the cost set out below:

| | Number of shares | Cost |
|---|---:|---:|
| H. E. Bullock | 257. 425 | $134, 434. 21 |
| D. O. Foley | 66. 15 | 21, 404. 13 |
| John Hayslett | 22. 05 | 7, 134. 72 |
| Miss V. B. Renaker | 4. 375 | 2, 401. 94 |

The Kentucky Block Coal Co. was a Kentucky corporation organized in the year 1915 with a capital stock of a par value of $35,000, divided into 350 shares of a par value of $100 each. It began its mining operations in 1915 on certain coal lands near Hazzard, Perry

County, Ky., under an assurance by the owners of the property that the property would be leased to the company. On January 25, 1917, a lease of the property upon which the company was conducting its mining operations was made to the company. This lease granted the right to mine, excavate, and remove all of the minable and merchantable coal underlying approximately 534 acres, for the period necessary to mine, excavate, and remove all of the coal. The lessee agreed to pay a royalty of 10 cents per ton and to pay certain minimum rentals, together with one-half of all taxes, assessments, and governmental charges that might be levied or assessed against the leased property. The leased premises contained approximately 1,238,000 tons of minable and merchantable coal of which approximately 308,000 tons had been removed by June 3, 1920.

On June 3, 1920, all of the property of the corporation, both tangible and intangible, was distributed to the petitioners subject to the liabilities of the corporation. The petitioners continued the operation of the property as partners, their respective interests being in proportion to their ownership of the stock in the predecessor corporation.

The respondent determined the fair market value of the assets of the corporation taken over by the partnership on June 3, 1920, to be $280,000 in excess of the liabilities of the corporation, determined that the petitioners realized a gain equal in amount to the difference between such value and the cost of their stock, and determined the deficiencies accordingly. The fair market value of the assets of the corporation, both tangible and intangible, taken over by the partnership from the corporation was $175,000 in excess of the liabilities of the corporation assumed by the partnership.

*Decision will be entered under Rule 50.*