BEN STOCKER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JACOB F. MAY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

H. M. MAY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

B. H. MAY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MAX H. MAY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

SOL MAY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

PAUL MAY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

HARRY MAY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 12844–12851.   Promulgated July 16, 1928.

*Charles F. Miller, Esq.*, and *E. S. Vaught, Esq.*, for the petitioners.
*Arthur H. Murry, Esq.*, for the respondent.

1350

OPINION.

GREEN: The petitioners were the holders of the stock of three corporations. They formed three partnerships, each of which was to take over the assets and business of one of the corporations. Each of the petitioners was to have an interest in the partnerships proportionate to his stockholding in the corporation. The assets were transferred and the corporations dissolved. The details of the transfer were not furnished us. The respondent treated the transaction as a distribution in liquidation and accordingly applied that portion of section 201(c) of the Revenue Act of 1918 which reads as follows:

\* \* \* Amounts distributed in the liquidation of a corporation shall be treated as payments in exchange for stock or shares, and any gain or profit realized thereby shall be taxed to the distributee as other gains or profits.

The first two questions here involved have been set at rest by the Supreme Court in the case of *Hellmich* v. *Hellman*, 275 U. S. 513. The court said:

The gain realized by the stockholders from the distribution of assets in liquidation were subject to normal tax in like manner as if they had sold their stock to a third person.

It follows, therefore, that the gain, if any, realized by the stockholders upon liquidation, including any gain that results from the distribution of the corporate surplus, is taxable income and subject to both normal and surtaxes.

We now turn to the third allegation of error. In his oral argument, the counsel for the petitioners contended that prior to the time the corporations in question were dissolved and their assets transferred to the partnerships, advice was requested of the collector of internal revenue as to whether or not any taxable gain would result from such a reorganization; that the collector of internal revenue advised that such a change was merely a change in form of ownership and would not represent a profit to the individual stockholders, and that relying upon such advice the corporations were dissolved and the copartnerships organized. It is further contended that article 1566, section (C) of Regulations 45 (1919 edition) provided that the surplus of a corporation when transferred in liquidation did not constitute taxable income to its stockholders. This regulation, promulgated April 17, 1919, was subsequently withdrawn as an erroneous interpretation of the statute and omitted from the 1920 edition of the regulations construing the Revenue Act of 1918. The above-mentioned ruling by the Commissioner of Internal Revenue was manifestly erroneous and in conflict with the provisions of section 201(c) of the statute.

It seems too clear for serious argument that an administrative officer can not change a law enacted by Congress. A regulation that is merely an interpretation of the statute when once determined to have been erroneous becomes a nullity. An erroneous construction of the law by the Treasury Department or the collector of internal revenue does not preclude or estop the Government from collecting a tax which is legally due. We express no opinion as to the rights of taxpayers in a case where the regulation relied upon and subsequently changed, was not an improper construction of the statute.

*Judgment will be entered on 15 days' notice, under Rule 50.*