*786 OPINION.
Goodrich :
Respondent has disallowed as a deduction from income for 1925 the amount of $48,123.26, claimed by petitioner as a loss sustained upon the liquidation of the Lilly Hardware Co., the stock of which petitioner purchased at the initial price of $230,000, which was later reduced by cash refunds from the vendors totaling $31,867.83, and the transfer of various securities valued on the Lilly Co.’s books at $10,150. As counsel for respondent presented no evidence, made no statement of his case and filed no brief, the record makes no disclosure respecting the reason for respondent’s action nor the ground of his defense, beyond a brief statement in the deficiency notice that he relies upon article 292 of Regulations 69. In our opinion, the cited authority is not applicable to the case.
It seems clear that this transaction — the purchase of the stock of the Lilly Co., immediately followed by liquidation and distribution of the corporate assets — is one upon which gain or loss is to be recognized. Burnet v. Aluminum Goods Mfg. Co., 287 U.S. 544; Riggs Nat. Bank, 17 B.T.A. 615; affd., 57 Fed. (2d) 981: Gamed- *787 Commercial Nat. Bank, 22 B.T.A. 541; affd., 63 Fed. (2d) 619; Warner Co., 26 B.T.A. 1225.
Section 201 (c), Revenue Act of 1926, provides that amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock. Cf. Henry B. Babson, 27 B.T.A. 859. Where, as here, property is received in such a disti'ibution, under the provisions of section 202 (e) of the same act-, the amount realized upon the distribution is the fair market value of the property. Robert Jemison, Jr., 3 B.T.A. 780; George Theis, Jr., 3 B.T.A. 1030; Joseph Joseph, 6 B.T.A. 595; Alice M. Hastings, 8 B.T.A. 670; M. S. Engleman, 8 B.T.A. 1289; R. A. Patout, 10 B.T.A. 1357; H. E. Bullock, 12 B.T.A. 51; Ben Stocker, 12 B.T.A. 1348; Romie C. Jacks, 19 B.T.A. 559; G.C.M. 621, V-2 C.B. 5. While it is true that the Lilly Co. was not immediately dissolved, that fact did not prevent its liquidation, for after its stock was purchased by petitioner its regular business terminated and its existence was continued for the restricted necessity of proceedings for the collection of its outstanding accounts. Fred T. Wood, 27 B.T.A. 162, and cases there cited. The question then becomes, What was the fair market value of the assets of the Lilly Co. at the time acquired by the petitioner through liquidation?
We are satisfied that this value is accurately reflected by petitioner’s records. The proof is that the values placed on various items of equipment and merchandise inventory were determined by men competent to adjudge thereof after examination of the assets, and reference to price lists, and that the value placed on the accounts receivable was determined cooperatively by the credit managers of the two concerns, who were informed as to the details of the accounts and the financial circumstances of the customers. Petitioner has .met the burden of substantiating its determination of the fair market value of the assets received by it in the liquidation and they should be used in determining' the loss sustained therefrom. Moreover, we are convinced that no part of the consideration for the stock of the Lilly Co. may be assigned to the purchase of good will, or to effecting the elimination of a competitor. The evidence concerning the operations of the Lilly Co. discloses that it had no good will of value; that because of the divergence in the character of the business of the two concerns the Lilly Co. did not seriously compete with petitioner; and that very little additional business was gained by petitioner as a result of the cessation of the Lilly Co.’s operations.
However, the loss upon this transaction as computed and claimed by petitioner must be reduced in the amount of $10,150, representing the book value of the securities transferred to it by the Lilly Co.’s stockholders in reduction of the purchase price, for, while there *788 is some indication that these securities were not worth that amount, there is no evidence from which we can determine what their correct value was at that time and, perforce, we must accept the value reflected by the records of the Lilly Co. and recited in the memorandum of final settlement between the parties. These securities were not included in petitioner’s account of the transaction. They should be so included, with the result that the cost of the stock is further reduced in the amount of $10,150 and the loss sustained upon the liquidation is reduced to $37,973.26, which should be. deducted from petitioner’s income for the year 1925.
Our conclusion respecting the value of the securities in the transaction necessarily disposes of petitioner’s contention that $4,000 realized upon sale of a part of them in 1926 should not be included in income for that year, in accordance with its return. Perhaps' a part of the sum so realized is a return of capital, but there is no evidence of record from which we can make such a determination. Therefore, for failure of proof, we hold that respondent was not in error in including in petitioner’s income for 1926 the full amount realized of $4,000.

Judgment will be entered under Rule 50.