RIGGS NATIONAL BANK, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 30903.   Promulgated September 27, 1929.

*William M. Williams, Esq.,* and *Paul F. Myers, Esq.,* for the
petitioner.

*Eugene Meacham, Esq.,* for the respondent.

## OPINION.

PHILLIPS: There is no dispute between the parties as to the cost to petitioner of the stock of the Hamilton Savings Bank nor is there any dispute as to the value of the assets of that bank taken over by the petitioner, other than good will. It is urged on behalf of the Commissioner that, in addition to the other assets of the Hamilton Savings Bank, the petitioner acquired the good will of that bank and that such good will had value. The record contains much testimony with respect to the losses of the Savings Bank, the character of its loans and investments, its relations to its depositors and the size and number of deposits, its reputation of doubtful solvency and opinion testimony as to the lack of value of any good will. Without reciting the details of the testimony, it appears sufficient to state that it convincingly establishes that no good will was acquired by the petitioner as a result of its acquisition of the stock and liquidation of the assets of this Savings Bank.

It is next urged by respondent in substance that petitioner and the Savings Bank were affiliated, that the loss in question arose out of the affiliated status and that no loss is deductible. The petitioner contends, on the other hand, that it sustained a loss which it may deduct and that such loss was not one sustained by the affiliation but by it at the time the affiliation was dissolved.

Ordinarily there could be no question that a corporation which purchases stock and later exchanges such stock for other assets, realizes a taxable gain or sustains a deductible loss. The difficulty arises from the application of section 240 (a) of the Revenue Act of 1921, which provides as follows:

That corporations which are affiliated within the meaning of this section may, for any taxable year beginning on or after January 1, 1922, make separate returns or, under regulations prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of net income for the purpose of this title, in which case the taxes thereunder shall be computed

and determined upon the basis of such return. If return is made on either of such bases, all returns thereafter made shall be upon the same basis unless permission to change the basis is granted by the Commissioner.

Prior to January 1, 1922, a consolidated return by affiliated corporations was required, not optional. The question arose as to the method by which the consolidated income was to be determined. Were the incomes and deductions of each of the affiliated corporations to be computed separately and added together or were the affiliated companies to be treated as members or branches of a whole and the consolidated income computed on that basis? In many cases it made no difference which method was used; in others the difference in result was substantial. The Board reached the conclusion that it was the intention of Congress that the consolidated income of affiliated corporations should be computed by treating the affiliated group as a whole and the separate corporations as parts. Only in that manner could taxable income and invested capital be computed so as to avoid duplications and prevent evasions. The Board had also decided that a corporation derived no taxable gain and sustained no deductible loss by reason of dealings in its own stock. Later the Board decided that there was no taxable gain to the affiliated group when one of the affiliated corporations sold stock of another of the affiliated group. *Farmers Deposit National Bank*, 5 B. T. A. 520; *Interurban Construction Co.*, 5 B. T. A. 529; *H. S. Crocker Co.*, 5 B. T. A. 537. These were all cases where the attempt was made to increase the consolidated income by reason of a sale of capital stock to one member of the group.

The situation here is different. For the period from January 1 to June 10, 1922, the Hamilton Savings Bank and the Riggs National Bank were affiliated and their income was computed upon a consolidated basis. For the remainder of 1922 there was no affiliation. The income and tax liability for each of these periods is separately computed. It is not claimed that the loss now in question affects the consolidated income. The consolidated income of the Hamilton Savings Bank and the Riggs National Bank during the period of affiliation from January 1 to June 10, 1922, has been computed without reference to such loss. The loss is claimed by the Riggs National Bank for a period during which it was not affiliated with the Hamilton Savings Bank, and during which it is required to make a return of its own income. It does not follow, because the affiliated group sustained no loss during the period of affiliation, that the owner of the stock did not sustain a loss at the time the affiliation was dissolved by sale of the stock, which loss is available as a deduction to such owner in computing income arising outside of the affiliation.

It is urged that the Board had this question before it for decision in *Baker-Vawter Co.*, 7 B. T. A. 594, and *Remington Rand, Inc.*, 11 B. T. A. 773. In those cases one corporation was affiliated with another until February 28, 1920, when the parent sold all of the stock of the subsidiary. The Commissioner refused to allow a loss on such sale but computed a gain. It is not clear whether this gain was included in the income during the period of affiliation or in the income of the parent for that portion of 1920 which was outside of the period of affiliation. The deficiency was asserted by the Commissioner as for the year 1920 and was computed as upon a consolidated return. Upon appeal to the Circuit Court of Appeals that court held that the sale took place outside the period of affiliation and that the parent company realized a gain which was part of its net income. *Remington Rand, Inc.* v. *Commissioner*, 33 Fed. (2d) 77. It must be concluded from the opinion in that case that the gain was to be included as income of the *Baker-Vawter Co.* for that portion of the year 1920 which followed the dissolution of the affiliation. Following the authority of that decision, we are of the opinion that petitioner is entitled to deduct the loss from its income for that portion of its taxable year which falls outside the period of affiliation.

The difference between the cost to petitioner of the stock of the Savings Bank and the value of the assets received in liquidation was $94,949.07. A substantial part of this difference was due to the loss sustained in the operation of the Savings Bank from January 1 to June 10, 1922, amounting to $41,485.22. During this period petitioner and the Savings Bank filed a consolidated return of their income. On such consolidated return the operating loss of the Savings Bank served as a deduction in computing taxable income. This loss served to reduce the taxable income of the petitioner for that period by the amount of the loss, and tax was paid on the income of petitioner after it had been adjusted to reflect this operating loss of its subsidiary. Petitioner originally claimed that its deductible loss for the period following affiliation was $53,463.85; the actual loss sustained in 1922 less the amount allowed in computing the affiliated taxable income for the first part of 1922. It suggests that it may be limited to such amount by the reasoning in *Goodrich* v. *Edwards*, 255 U. S. 527, to which we would add *United States* v. *Ludey*, 274 U. S. 295. It suggests, however, that under *Remington Rand, Inc.* v. *Commissioner*, *supra*, it may be entitled to deduct the whole loss without reference to the amount claimed and allowed on the affiliated return; in other words, that the consolidated income from January 1 to June 10, 1922, is its income less the loss of its

620

subsidiary, and that its income for the remainder of 1922 is to be reduced by $94,949.07, which includes the loss of the subsidiary. We are of opinion that petitioner's first view is the sounder. It is not lightly to be assumed that Congress intended that the same taxpayer should have the same reduction twice. *United States* v. *Ludey, supra.* With the greatest respect for the court which decided the *Remington-Rand* case, we can not agree with the basis they use for computing gain or loss in such a case, and, having in mind that appeals lie from our decisions to the several Circuit Courts, we should be lax in our duty did we not express our views when only one of the Circuit Courts has spoken.

Reviewed by the Board.

*Decision will be entered under Rule 50.*