*548 OPINION.
Love:
The principal question involved in these proceedings is whether the parent company realized a taxable gain or sustained a deductible loss upon the liquidation of its subsidiary during the calendar year 1920. Petitioners contend that the parent company sustained a deductible loss of $675,438.31 as representing the difference between the cost to the parent company of the subsidiary’s stock, namely, $1,293,900, and the amount received by the parent company in final liquidation, namely, $618,461.69. The respondent determined that, since the two corporations were affiliated within the meaning of section 240 of the Revenue Act of 1918, neither gain nor loss resulted from the transaction in question. He still maintains that his determination in this respect was proper, but has pleaded in the alternative that in case the Board should hold the *549 liquidation of the subsidiary was such a transaction in which gain or loss should be recognized, then and in that event the Board should find that the dividend of $1,000,000, declared by the board of directors of the subsidiary on December 30, 1920, was a distribution in the liquidation of the subsidiary, and should therefore be added to the amount of $618,461.69 received in final liquidation for the purpose of determining the amount of the gain or loss resulting therefrom, and which, upon that basis, he contends resulted in a gain of $324,561.69 instead of a loss of $675,438.31 claimed by petitioners.
In Remington Rand, Inc. v. Commissioner, 33 Fed. (2d) 77; certiorari denied, 280 U. S. 591, the Circuit Court of Appeals for the Second Circuit held that where one corporation on March 1, 1916, purchased all of the stock of another corporation for a consideration of $45,000, and on February 28, 1920, sold such stock for $60,000, it realized a taxable profit of $15,000 on the sale, notwithstanding the two corporations were affiliated within the meaning of section 240, supra, and had filed consolidated returns for the years 1918, 1919, and the first two months of 1920. In the opinion the Court treated both the purchase and sale as taking place outside the period of affiliation. The language of the Court is:
Such a sale [of stock] terminates the affiliation which had resulted from its purchase. Both the purchase and the sale took place outside the period of affiliation, and were made by the seller for its own account, not for the account of the affiliation — as much so, we think, as if the parent company had purchased Blackacre before the affiliation began and had sold it after the affiliation.
In Riggs National Bank, 17 B. T. A. 615, and Obenchain-Boyer Co., 18 B. T. A. 293, we followed the Remington-Rand decision to the extent of recognizing that the disposition of stock by a member of an affiliated group which results in termination of the affiliation, may give rise to gain or loss. We think the same rule should be applied to the facts in the instant proceedings. See also the last sentence of section 201 (c) of the Revenue Act of 1918, reading: “Amounts distributed in the liquidation of a corporation shall be treated as payments in exchange for stock or shares, and any gain or profit realized thereby shall be taxed to the distributee as other gains or profits ” and Hellmich v. Hellman, 276 U. S. 233.
We are thus confronted with the respondent’s alternative contention, which presents the question whether the parent company sustained a deductible loss of $675,438.31 as contended by petitioners, or realized a taxable gain of $324,561.69, as contended by the respondent. The answer lies in whether the special dividend of $1,000,000 was an ordinary dividend as the petitioners contend, or *550 a distribution “ in the liquidation of a corporation ” within the meaning of section 201 (c), supra. The respondent, in his alternative pleading, contends it was the latter. Petitioners in support of their contention on this issue rely principally upon the Board’s decision in E. G. Perry, 9 B. T. A. 796. The respondent argues that the instant case is more nearly like our decisions in S. J. Blumenthal, 12 B. T. A. 1205, and S. B. Dandridge et al., 11 B. T. A. 421. Both parties are agreed that the total cost of the 5,000 shares of the subsidiary’s stock to the parent company was the amount of $1,293,900, and that the amount of $618,461.69, which the subsidiary transferred to the parent company on December 31, 1920, in exchange for the 5,000 shares of its own stock which were then canceled, was a distribution “ in the liquidation of a corporation ” within the meaning of section 201 (c), supra. It only remains to determine whether the special dividend of $1,000,000 was also such a “distribution.” We think it was. Section 5220 of the Revised Statutes requires only a vote of two-thirds of the stockholders of a national bank to place it in liquidation. On December 21,1920, the parent company owned 95 per cent of the stock of the sudsidiary. On that day the board of directors of the parent company met and voted “ to liquidate the Canal-Commercial Rational Bank, and to take over its assets, and assume all of its liabilities.” On December 30, 1920, at 2.15 p. m., simultaneous meetings were held by the board of directors of both companies with H. B. Caplan acting as secretary for each bank. Eleven other directors were present at both meetings. The action taken at these meetings is set forth in our findings. It was at this time that the special dividend of $1,000,000 was declared. Although the dividend was made payable on December 30, 1920, at which time the parent company owned but 95 per cent of the stock of the subsidiary (it acquired the remaining 5 per cent the next day), the subsidiary issued its check payable to the parent company in the full amount- of $1,000,000, which amount the parent company entered upon its books and records as cash received on December 30, 1920, but it was not actually paid until the following day, December 31, on which day the stock was delivered and canceled. Under all the circumstances, we believe that the special dividend of $1,000,000 was “distributed in the liquidation of a corporation” within the meaning of section 201 (c), supra. It follows that the parent company realized a taxable gain of $324,561.69 upon the liquidation of its subsidiary during the calendar year 1920. This transaction is one occuring outside of the group, and the gain realized is solely that of the parent company and not of the group and will not be reflected in the consolidated income of the two companies. Retnington-Rand, Inc., and Riggs National Bank, supra.
*551 The evidence regarding the alleged losses sustained by the subsidiary on account of its claims against the Crow-Rudolph Company and the Southern Hardwood Manufacturing Company does not show that the subsidiary sustained any losses from those sources during the calendar year 1920, which is the only year before us. Neither is the evidence sufficient to show that the subsidiary sustained a loss of $63,450.20, or any other amount, on the sale of its net assets to the parent company, as alleged in the petitions.
Reviewed by the Board.

Judgment will he entered under Rule 50.

Teussell and Phillips, dissent.