MANATEE CRATE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

NOCATEE CRATE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 36648, 36649. Promulgated March 31, 1931.

*Fred A. Woodis, Esq.*, for the petitioners.
*Arthur H. Murray, Esq.*, for the respondent.

OPINION.

ARUNDELL: The parties have stipulated that the stock of the Conwell Company became worthless in 1924. For that year the respondent excluded that company from affiliation with the group of which the King Company was the parent, and in the absence of evidence to the contrary we must assume that his action in that respect was correct. If the Conwell and King companies had not been affiliated at any time, there would be no question that the King Company would be entitled to a loss deduction of $25,500, the cost to it of the stock in 1918. The difficulty arises out of the fact that for a period of years prior to 1924 the two were affiliated and the gains and losses of the Conwell Company were taken into account in determining the consolidated net income of the King Company and its affiliated companies.

In *Farmers Deposit National Bank*, 5 B. T. A. 520, we held that the sale of stock of a subsidiary by the parent company, where the sale did not serve to destroy the affiliation and the two companies continued to file consolidated returns, was not a transaction which would give rise to gain or loss and was essentially a sale by the consolidated group of its own capital stock.

On the other hand, it has been held that the disposition of stock by a member of an affiliated group which results in termination of the affiliation may give rise to gain or loss, on the theory that the disposition occurred outside of the affiliated group. *Remington Rand, Inc.* v. *Commissioner*, 33 Fed. (2d) 77; *Riggs National Bank*, 17 B. T. A. 615; *Obenchain-Boyer Co.*, 18 B. T. A. 293. In the *Riggs National Bank* case we cited the *Remington Rand* case with approval, but reached the conclusion that under the peculiar facts present in the *Riggs* case the amount of the loss would be limited by excluding the operating losses sustained by the subsidiary company during the period of affiliation. It appears that the Riggs Bank owned 100 per cent of the stock of the Hamilton Bank and by reason thereof filed a consolidated return in which the operating losses of its affiliated company, the Hamilton Bank, were used as an offset against the profits of the Riggs Bank. When within the year the Hamilton Bank was liquidated and the Riggs Bank took over its assets, we held that the Riggs Bank could not take a loss on the stock of the Hamilton Bank without first taking into account the losses of the Hamilton Bank of which it had already had the benefit for tax purposes.

In the instant case the King Company and the Conwell Company were not affiliated during the taxable year 1924 though they had been for several years prior thereto. The facts on which the affiliation was based in those prior years are not disclosed by the stipulation which is the basis for our decision. The 1924 Revenue Act permitted affiliation of two or more companies only when there was a 95 per cent ownership of stock. The test under the Revenue Acts of 1918 and 1921 was ownership and/or control of substantially all of the stock of two or more companies, and this difference in the requirements of the several revenue acts may account for the fact that the companies were not held to be affiliated in 1924. In any event the liquidation of the Conwell Company occurred at a time when the two companies were not affiliated, and on the stipulated facts it is apparent that the King Company suffered a loss of its entire investment of $25,500 and this amount constitutes a deduction within the meaning of the Revenue Act of 1924.

Reviewed by the Board.

*Decision will be entered under Rule 50.*