### THE SHEPARD COMPANY, PETITIONER, $v$. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 39137.  Promulgated April 29, 1931.

J. A. Boyer, Esq., for the petitioner.

Miles J. O'Connor, Esq., for the respondent.

ARUNDELL: At the hearing of this proceeding counsel stipulated as follows:

That for each of the fiscal years ended January 31, 1925, and January 31, 1926, the Shepard Company sustained depreciation on leases in the amount of $3,355.02, and that the Shepard-Norwell Company sustained depreciation of a lease in the amount of $372.18, and that said companies are entitled to deduct said amounts from gross income for the fiscal years ended January 31, 1925, and January 31, 1926.

These adjustments dispose of one issue and the parties are directed to give effect to them in the recomputation under Rule 50.

The issue as to allocation of income to petitioner and its several affiliated companies for the fiscal year ended January 31, 1925, has been abandoned by petitioner.

The remaining question is whether petitioner is entitled to a loss deduction on account of its sale of the Consolidated Car Fender Company stock at less than the amount entered on its books as cost. It appears that the respondent disallowed the claimed deduction in the first instance on the ground, as held in *Baker-Vawter Co.*, 7 B. T. A. 594, that the sale by a corporation of all the stock of an affiliated company results in neither taxable gain nor deductible loss. The same holding in a companion case, *Remington Rand, Inc.*, 11 B. T. A. 773, was reversed, 33 Fed. (2d) 77, and we have since recognized that such transactions may result in a gain or loss. See *Riggs National Bank*, 17 B. T. A. 615; *Obenchain-Boyer Co.*, 18 B. T. A. 293; *Universal Corporation*, 18 B. T. A. 319. Presumably these later cases were the cause of respondent's receding from his first position. His contention now is that because John Shepard, Jr., and Alice Maud Shepard were husband and wife and because Shepard owned all the stock of petitioner, the amount entered on petitioner's books as cost of the stock did not represent bona fide cost, but was in effect a gift or dividend. Respondent further relies on the quoted parts of Shepard's affidavit, which he construes as statements of fact that the transaction was personal, rather than corporate, and that the corporation was acting as his agent.

While the parts of Shepard's affidavit that are set out in the findings may be susceptible of the construction placed on them by the respondent, a reading of the entire affidavit does not support that view. The affidavit in its entirety was directed to showing that the

loss sustained by the petitioner corporation should not be disallowed under the *Baker-Vawter* decision, *supra*, merely because of the technical affiliation of petitioner and the Fender Company. Considered as a whole, the statements of fact in the affidavit support the view urged here by the petitioner rather than the position of the respondent, which is based on two paragraphs lifted out of six pages.

The petitioner's evidence produced at the hearing establishes to our satisfaction that the petitioner purchased the Fender Company stock from Mrs. Shepard. When Mrs. Shepard turned the stock in to petitioner it was in satisfaction of a debt owing to petitioner and not to her husband. The credit which accrued to her on the petitioner's books from this transaction she used up by having bills paid by the petitioner. As far as the record shows, none of these items was ever transferred or entered into Shepard's account. Respondent's argument, that the transaction was a personal one and grew out of the husband's responsibility for the ordinary and necessary expenses of his wife in accordance with her station in life, does not harmonize with the fact that she gave up her stock, which for the previous five years had paid average dividends of $11,000. On the evidence we hold that petitioner purchased the Fender Company stock at a cost of $66,835.50.

The deductible loss sustained, however, is not the difference between cost and selling price, but must be reduced by $126.19, the amount of the loss sustained by the Fender Company in the period February 1 to May 8, 1925, and which was reflected in consolidated income. *Riggs National Bank*, *supra*.

*Decision will be entered under Rule 50.*