MARGAY OIL CORPORATION, PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 44891.   Promulgated May 31, 1932.

*George E. H. Goodner, Esq.*, and *Frederick C. Rowherder, C. P. A.*, for the petitioner.
*T. G. Histon, Esq.*, for the respondent.

OPINION.

ARUNDELL: The respondent disallowed as a deduction in computing petitioner's net income for 1926 a net loss sustained in 1924, which with other adjustments resulted in a deficiency of $1,411.90. The only error assigned is the disallowance of the net loss deduction. The facts were stipulated and we incorporate by reference the stipulation filed as our findings of fact.

According to the stipulated facts, petitioner, a domestic corporation, was not affiliated with any other corporation during 1923 and 1924 and up to April 16, 1925. On April 8, 1925, petitioner caused to be incorporated a subsidiary, the Franchise Oil Corporation, and on April 16, 1925, it acquired 197 shares of the subsidiary's authorized capital stock of 200 shares of no par value. Petitioner continued to own the stock throughout the remainder of the year 1925 and through the year 1926.

Neither the petitioner nor its subsidiary was affiliated with any other corporation from April 16, 1925, to December 31, 1926. Petitioner filed timely income-tax returns for the calendar years 1923, 1924, 1925 and 1926. The returns for 1925 and 1926 were consolidated returns of petitioner and its subsidiary.

The income and statutory net losses of petitioner were as follows:

| Year | Income | Net loss |
|---|---|---|
| 1923 | | $45, 864. 78 |
| 1924 | | 50, 928. 46 |
| 1925 | $12, 331. 55 | |
| 1926 | 201, 238. 47 | |

Petitioner's subsidiary had neither net income nor loss in either of the years 1925 or 1926.

Petitioner contends that in computing net income for 1926 it is entitled to deduct the net loss sustained in 1924. The respondent has refused to allow the deduction on the ground that the 1924 net loss " may be applied only against income in the next two succeeding taxable periods, both of which fall in 1925."

We are of the opinion that, under the decided cases, the respondent's action in splitting up the year 1925 into two taxable periods is erroneous. In *Automatic Fire Alarm Co.*, 13 B. T. A. 1195, one corporation was in existence throughout the year 1920. A new corporation was organized on December 15, 1920, and on that date the two became affiliated. We held that income for the two companies should be computed on the basis of a consolidated return for the full year, pointing out that there was no period in that year for which the new company was liable to file a return of its separate income, but that at all times during its existence in that year it was affiliated with the old company. We followed that case in *Hutt Contracting Co.*, 17 B. T. A. 818, in which the new corporation was organized in May, 1922, holding as follows:

We have previously held that where a corporation is organized during the taxable year, its first return is a return for the entire year, *Carroll Chain Co.*, 1 B. T. A. 38; *United States v. Carroll Chain Co.*, 8 Fed. (2d) 529; and that where, upon organization, it became affiliated with another corporation, there being no period for which the new corporation is required to file a separate return, a single consolidated return is to be filed for the two corporations for the taxable year. *Automatic Fire Alarm Co.*, 13 B. T. A. 1195.

The above decisions were cited with approval in *American Paper Exports, Inc.* v. *Bowers*, 54 Fed. (2d) 508, involving a situation wherein a new corporation was organized in April, 1918, and in June of that year it became affiliated with a corporation that was in existence throughout the year. The court held:

The regulation [Art. 634, Regulations 62] certainly countenances, if it does not prescribe, a single return, whenever an affiliate comes in during the year. At least, if it had had no earlier existence we see nothing to invalidate the requirement; we need hold nothing more. In similar situations the rulings have been uniform, so far as there have been any. The Board has so held twice (*Appeal of Automatic Fire Alarm Co.*, 13 B. T. A. 1195; *Appeal of Hutt Cattle Company*, 17 B. T. A. 818).

The case of *Summerfield Co.*, 24 B. T. A. 829, cited by respondent, is not in point. In that case the corporations that became affiliated in 1925 had both been in existence prior to the time of affiliation. In such a case, as we said in the *Automatic Fire Alarm* case, and as held in *American Paper Exports, Inc.*, *supra*, separate returns may be required for the period prior to affiliation and a consolidated return thereafter. In the last mentioned case the court, on this phase of the question said:

If both affiliates are in existence and active before affiliation, obviously more than one return becomes therefore necessary, and so it has been held, *Appeal of American La Dentelle, Inc.*, 1 B. T. A. 575; *Appeal of Green River Distilling Co.*, 16 B. T. A. 395. At least for the period of its separate activity each must file a separate return.

In the present case the petitioner's subsidiary had no separate existence for tax purposes in 1925 and there was no occasion for the filing of a separate return. The petitioner operated throughout the year and the filing of a consolidated return by it was proper under the cases above cited. Consequently, as to petitioner, there was no fractional part of a year which could be taken to be a "taxable year" under section 200(a) of the Revenue Acts of 1924 and 1926. In relation to the year 1924, petitioner's "succeeding taxable year" was the calendar year 1925, and the "next succeeding taxable year" was the calendar year 1926. We accordingly hold that respondent erred in refusing to allow the 1924 net loss as a deduction in computing net income for 1926. There does not seem to be any controversy as to the amount that may be deducted, but if there is any difference, we will settle it under Rule 50.

*Decision will be entered under Rule 50.*