S. SILBERMAN & SONS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

WM. E. VOELKEL & SON CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 40820, 40821. Promulgated April 24, 1933.

*Paysoff Tinkoff, Esq.,* for the petitioners.
*Allin H. Pierce, Esq.,* for the respondent.

OPINION.

TRAMMELL: These proceedings, consolidated for hearing, are for the redetermination of deficiencies in income tax as follows:

| Docket No. | Petitioner | Period | Deficiency |
|---|---|---|---|
| 40820 | Wm. E. Voelkel & Sons Co., Inc | Jan. 1 to Dec. 28, 1925 | $6,331.36 |
| 40821 | S. Silberman & Sons | Year 1925 | 39,093.14 |

The sole issue in this case is whether or not the petitioners are entitled to deduct from consolidated gross income for 1925 a loss alleged to have been sustained in that year by S. Silberman & Sons upon the sale of its subsidiary's capital stock.

S. Silberman & Sons is an Illinois corporation, with its principal office at Chicago. Wm. E. Voelkel & Son Co., Inc., is a Louisiana corporation, with its principal office at New Orleans.

In December, 1922, S. Silberman & Sons acquired 746 shares of the total of 750 shares of the issued and outstanding capital stock of the

Voelkel Corporation, and sold the stock on December 28, 1925, at an alleged loss. The two petitioner corporations filed a consolidated income tax return for 1925, and deducted from consolidated income the amount of $349,419.24 as a loss sustained on the sale of the subsidiary's stock.

The respondent determined that any loss sustained by S. Silberman & Sons upon the disposal of the capital stock of its subsidiary was not allowable as a deduction from consolidated income for the period of affiliation, but could be taken as a deduction only from the separate income of S. Silberman & Sons for the period subsequent to the termination of the affiliation. This action of the respondent resulted in the determination of the deficiencies in controversy.

In addition to the reasons just stated, upon which the respondent predicated his determination of the deficiency, respondent contends that the evidence is insufficient to establish the amount of the loss sustained on the disposition of the stock in question, if any, and, further, that such loss, in any event, should be reduced by the amount of a dividend declared and paid on the Voelkel stock shortly after it was acquired by S. Silberman & Sons.

We think it is unnecessary here to discuss the respondent's contention on the last two points mentioned, for the reason that the sole issue presented in this case is whether or not a loss on the sale by a parent corporation of its subsidiary's stock, which thereby terminated the affiliated status, is deductible from consolidated income for the period of affiliation, and we have held that such a deduction is not allowable. The issue is concisely stated in the petitioners' brief as follows:

The question in this case is whether the loss of $349,419.24 of S. Silberman & Sons on the sale of stock of the Wm. E. Voelkel & Son Co. Inc., December 28, 1925, to a third party, can be taken as a deduction from the consolidated return of the two companies.

In *Remington Rand, Inc.* v. *Commissioner*, 33 Fed. (2d) 77; certiorari denied, 280 U. S. 591, involving gain or loss by a parent corporation on the sale of stock of its subsidiary, the court in its opinion said:

Such a sale terminates the affiliation which had resulted from its purchase. Both the purchase and sale took place outside the period of affiliation and were made by the seller for its own account, not for the account of the affiliated group * * *.

In *Riggs National Bank*, 17 B. T. A. 615, 619; affd., 57 Fed. (2d) 980, where the same question was presented, we applied the principles announced in the *Remington Rand, Inc.*, case, saying:

It must be concluded from the opinion in that case that the gain was to be included as income of the *Baker-Vawter Co.* for that portion of the year 1920

which followed the disolution of the affiliation. Following the authority of that decision, we are of the opinion that petitioner is entitled to deduct the loss from its income for that portion of its taxable year which falls outside the period of affiliation.

The recent decision of the Supreme Court in *Burnet* v. *Aluminum Goods Mfg. Co.*, 287 U. S. 544, we think does not conflict with the decisions above cited. In that case the Aluminum Company purchased the capital stock of the Sales Company in 1914. From that time until its liquidation, carried on in 1917, the Sales Company was engaged principally in selling the goods manufactured by the Aluminum Company. The Sales Company was dissolved in February 1918. Its operation reflected net losses for the years 1914, 1915, 1916 and 1917. As a result of the operating losses and the liquidation of the Sales Company, the Aluminum Company suffered the loss of certain sums advanced to the Sales Company, as well as the total investment in its stock. The court in its opinion said:

In the present case, even though the affiliation continued, it does not follow as a matter law that the loss was not rightly deducted in the consolidated return. * * * It is conceded that the loss of the respondent's advances to the Sales Company and the investment in its stock was sustained in 1917, and was deductible therefore, if at all, in that year, and might properly have been deducted by the respondent in a separate return, if a separate return had been permissible.

* * * * * * *

The loss was a real one, suffered by respondent as a separate corporate entity and it was equally a loss suffered by the single business carried on by the two corporations during the period of their affiliation, ultimately reflected in the 1917 loss of capital invested in that business.

In that case the subsidiary remained in existence during the taxable year and the loss was incurred while the affiliation existed.

In the case at bar a wholly different situation is presented. The loss claimed did not result from the inability of the Voelkel Corporation to repay advances made to it by the Silberman Company, nor did the alleged loss result from the Voelkel stock becoming worthless in the taxable year. The loss here in question resulted solely from the sale of the Voelkel stock by S. Silberman & Sons in December 1925, which sale terminated the affiliation of the two corporations. The loss was not suffered by the single business carried on by the two corporations during the period of their affiliation and in no wise pertains to the consolidated income of the two corporations derived during the period of affiliation. Certainly it can not be said that the sale of its stock resulted in a loss to the Voelkel Corporation, or to the business theretofore carried on by the affiliated group. The loss was suffered by S. Silberman & Sons from

a sale made for its own account, not for the account of the affiliated group. The sale of the stock terminated the affiliation and the loss occurred outside the affiliation. Therefore, whatever loss was sustained by S. Silberman & Sons is not deductible from the consolidated income for the period of affiliation, but, as we held in *Riggs National Bank, supra*, petitioner is entitled to deduct such loss, if any, from its income for that portion of its taxable year which falls outside the period of affiliation, and if the amount of the loss exceeds its income for such subsequent period, it may be entitled under the net loss provisions to carry forward the balance of the loss to the following year or years. However, those years are not before us here, and the respondent's action in disallowing any deduction for the alleged loss from the consolidated income of the affiliated period is approved.

*Judgment will be entered for the respondent.*