SPRAGUE-SELLS CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 42006, 42434. Promulgated July 12, 1934.

*Harold W. Norman, Esq.,* and *Franklin D. Trueblood, Esq.,* for the petitioner.

*Arthur Carnduff, Esq.,* for the respondent.

OPINION.

SMITH: In these proceedings the petitioner claims the right to bring forward and deduct from its gross incomes net losses sustained by the Sprague Canning Machinery Co. for the prior years. This claim is predicated upon the theory that the business conducted by the petitioner is the same as that which was conducted by the Sprague Canning Machinery Co. and that there was in effect a merger of the two corporations. The petitioner relies especially upon the decision of the court in *Industrial Cotton Mills Co.* v. *Commissioner*, 61 Fed. (2d) 291. Since the hearing of these proceedings, the Supreme Court has decided the very question involved herein in *New Colonial Ice Co.* v. *Helvering*, 292 U.S. 435. That decision is adverse to the petitioner's contentions. Accordingly the claims of the petitioner upon that point are not sustained.

2. In the determination of the deficiencies for the fiscal period November 1, 1923, to September 30, 1924, the respondent allowed the deduction from gross income of the petitioner of $19,741.75 representing eleven twelfths of the operating loss of the Sprague Canning Machinery Co. for its fiscal year. The respondent now contends that inasmuch as the Sprague Canning Machinery Co. was inactive after November 14, 1923, its loss for the fiscal year ended September 30, 1924, was likewise its loss for the period October 1 to November 14, 1923, inclusive, and that since the loss of $21,536.45 was sustained during a period of 45 days of operation, the petitioner is entitled to deduct from its own gross income only fourteen forty-fifths of $21,536.45, or $6,700.23, since only 14 days of the period fell within the period of affiliation. The respondent therefore contends that he was in error in allowing the deduction of the difference between $6,700.23 and $19,741.75 and has moved to increase the deficiency for the period in question by adding back to net income the excess loss deduction in the amount of $13,041.52. The petitioner, on the other hand, contends that it is entitled to the deduction of the entire operating loss of $21,536.45.

We think it clear from the evidence that the petitioner was affiliated with the Sprague Canning Machinery Co. from November 1, 1923, to September 30, 1924. Even though the Sprague Canning Machinery Co. was not an operating company after November 14, 1923, it continued in existence, the petitioner owning 3,995 shares out of a total of 4,000 shares during such period. It was obligated to make a return for its entire fiscal year. It made such a return to-

gether with the petitioner and such return showed a net loss for the period of $21,536.45. Only one consolidated return for the entire year was required to be filed. *Automatic Fire Alarm Co. of New York*, 13 B.T.A. 1195; *Hutt Contracting Co.*, 17 B.T.A. 818; *Margay Oil Corp.*, 26 B.T.A. 199; *American Paper Exports, Inc.* v. *Bowers*, 54 Fed. (2d) 508; *Newblock Oil Co. of Texas*, 26 B.T.A. 696; *Houghton & Dutton Co.*, 26 B.T.A. 1420. Such consolidated return must of necessity comprehend the operations of both companies for the entire return period. The respondent's motion for an increase in deficiency for the fiscal period November 1, 1923, to September 30, 1924, is denied. The petitioner's contention that it is entitled to offset its net income by the operating loss of the Sprague Canning Machinery Co. in the amount of $21,536.45 is sustained.

3. The contention of the petitioner that it is entitled to deduct from the gross income for the period March 1 to September 30, 1926, the net loss of the Peerless Husker Co. for the period October 1, 1925, to February 28, 1926, is not sustained, upon the authority of *New Colonial Ice Co.* v. *Helvering*, *supra*.

4. In Docket No. 42434 the petitioner alleges that the respondent erred in disallowing the deduction from gross income for the period March 1 to September 30, 1926, $300 "paid the Secretary of the State of Illinois for authority to sell 25,000 shares of Class A stock of Sprague-Sells Corporation under the Illinois Securities Act." The petition alleges as a fact that "in computing the consolidated net income of Sprague-Sells Corporation and Peerless Husker Co., Inc., for the period begun March 1, 1926, and ended September 30, 1926, there was deducted $300 paid to the Secretary of State of Illinois for authority to sell 25,000 shares of Class A stock of Sprague-Sells Corporation under the Illinois Securities Act." The allegation of error and the allegation of fact were both denied in the original answer and the amended answer filed by the respondent. At the hearing of this proceeding counsel for the respondent stated:

There is also a minor issue in one of these appeals, which is, can the taxpayer deduct from its net taxable income an amount paid to the Secretary of the State of Illinois in connection with what I might term an adjustment of its capitalization behind the issue of the capital stock.

For the purpose of simplifying this question, I have admitted, and do now admit of record, that they paid that sum to the Secretary of State, and that the sum was $300.00. Now, why they paid it, I do not admit, except that I do admit that they paid the $300.00 to the Secretary of State during the taxable period at issue in connection with the issuance of corporation stock.

The petitioner contends that the $300 is a legal deduction from gross income, upon the authority of *Borg & Beck Co.*, 24 B.T.A. 995.

The amount was a legal deduction from gross income if it was paid as a tax, as was the case in *Borg & Beck Co.*, *supra*. We can

not determine, however, from the evidence of record upon this point, all of which is set out above, whether the $300 was paid as a tax or for what it was paid. For lack of proof the action of the respondent in disallowing the deduction of the $300 in question is sustained.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*