BURNET, COMMISSIONER OF INTERNAL REVENUE, *v.* ALUMINUM GOODS MANUFACTURING CO.

No. 192. Argued December 13, 14, 1932.—Decided January 9, 1933.

*Assistant Attorney General Youngquist,* with whom *Solicitor General Thacher* and *Messrs. Whitney North Seymour, Sewall Key,* and *John MacC. Hudson* were on the brief, for petitioner.

*Mr. Frederic Sammond,* with whom *Messrs. Edwin S. Mack, Arthur W. Fairchild, J. Gilbert Hardgrove,* and *Paul F. Meyers* were on the brief, for respondent.

*Mr. Ward Loveless,* by leave of Court, filed a brief as *amicus curiae.*

MR. JUSTICE STONE delivered the opinion of the Court.

In 1914 respondent, a New Jersey manufacturing corporation, purchased all the capital stock of the Aluminum Sales and Manufacturing Company, a New York corporation. From that time until its liquidation, carried on in 1917, the Sales Company was principally engaged in selling goods manufactured by respondent. In February, 1918, it was dissolved. The operation of the Sales Company reflected net losses during the years 1914, 1915 and 1916, as well as in the year 1917. As a result of the operating losses and the liquidation of the Sales Company,

respondent suffered the loss of certain sums advanced to the Sales Company, and of the total investment in its stock.

For 1917 the two corporations filed separate returns for computation of the normal income tax, and a consolidated return for the purposes of the excess profits tax. In its separate return respondent claimed, and the Commissioner allowed, deduction of an aggregate loss made up of respondent's advances to the Sales Company, and the cost of its stock, less the value of equipment and good will realized on its liquidation. This loss, reduced by the 1917 operating loss of the Sales Company, was deducted from gross income in the consolidated return. The Commissioner's refusal to allow the deduction was sustained by the Board of Tax Appeals, 22 B. T. A. 1, whose determination was reversed by the Court of Appeals for the Seventh Circuit, 56 F. (2d) 568. The Court of Appeals held that respondent's affiliation with the Sales Company was ended by the liquidation in 1917, so that the loss was suffered "outside the period of affiliation," and that in any case, as the loss did not result from an " intercompany " transaction, it could be deducted in the consolidated return. This Court granted certiorari, to resolve an alleged conflict with the decision of the Court of Claims in *Utica Knitting Co.* v. *United States,* 68 Ct. Cls. 77, and see *Autosales Corporation* v. *Commissioner,* 43 F. (2d) 931, 933.

Title II of the Revenue Act of 1917, 40 Stat. 300, 302, imposed a war excess profits tax in addition to the normal tax upon the income of corporations. The statute made no provision for consolidated returns by affiliated corporations, but Articles 77 and 78 of Treasury Regulations 41, adopted pursuant to the Act, did authorize the Commissioner to require affiliated corporations, including those, the stock of one of which was owned by another, to file a consolidated return of net income and invested capital. And § 1331 of the Revenue Act of 1921, 42 Stat. 227, 319,

provided that for the purpose of determining excess profits taxes the Revenue Act of 1917 " shall be construed to impose the taxes therein mentioned upon the basis of consolidated returns of net income and invested capital in the case of domestic corporations and domestic partnerships that were affiliated during the calendar year 1917." [1]

The purpose of requiring consolidated returns by affiliated corporations was, as the Government contends, to impose the war profits tax, according to true net income and invested capital of what was, in practical effect, a single business enterprise, even though conducted by means of more than one corporation. Primarily, the consolidated return was to preclude reduction of the total tax payable by the business, viewed as a unit, by redistribution of income or capital among the component corporations by means of intercompany transactions. See *Handy & Harman* v. *Burnet*, 284 U. S. 136, 140; *Appeal of Gould Coupler Co.*, 5 B. T. A. 499, 514–516; *cf.* Treasury Regulations 41, Art. 77; Treasury Regulations 45, Art. 631.

It is not denied that the two corporations became affiliated when respondent acquired all the capital stock of the Sales Company. But on the basis of the finding of the Board of Tax Appeals that the Sales Company was chiefly engaged during 1917 in closing up its business preparatory to formal dissolution, which took place in February, 1918, that all its assets and liabilities were disposed of by the end of 1917, and that it did not do any business after that date, petitioner argues that the affiliation of the two companies was terminated by the liquidation.

---

[1] Subsequently to 1917, affiliated corporations were required to file such a return for all purposes for any taxable year prior to January 1, 1922 (§ 240, Revenue Act of 1918, 40 Stat. 1057, 1081; § 240, Revenue Act of 1921, 42 Stat. 227, 260). Thereafter, it became optional whether to file a consolidated or separate returns. (§ 240, Revenue Act of 1921; § 240 Revenue Act of 1924, 43 Stat. 253, 288; § 240 Revenue Act of 1926, 44 Stat. 9, 46; §§ 141, 142, Revenue Act of 1928, 45 Stat. 791, 831, 832.)

Since complete stock ownership is made the test of affiliation applicable here under Article 77 of Treasury Regulations 41 and § 1331 of the Revenue Act of 1921, no ground is apparent for saying that the corporations ceased to be affiliated, merely because, without change of corporate control, one of them was being liquidated. The findings do not reveal that the liquidation of the Sales Company was completed, that it ceased to do any business or to function as a corporation before the end of 1917. Neither statute nor regulations recognize that affiliation may be terminated by the mere fact that such liquidation is being carried on, and the reasons for requiring the consolidated return may be quite as valid during that liquidation as before. During that period the unitary character of the business enterprise is not necessarily ended and intercompany manipulations are not precluded.

In the present case, even though the affiliation continued, it does not follow as a matter of law that the loss was not rightly deducted in the consolidated return. Section 12, Revenue Act of 1916, 39 Stat. 756, 767, governs the computation of the excess profits tax under § 206, Revenue Act of 1917, 40 Stat. 300, 305. That section and the regulation under it (see Article 147, Treasury Regulations 33, 1918 ed.), direct that taxable net income of a corporate taxpayer shall be ascertained by deducting, from gross income, losses sustained within the year. It is conceded that the loss of respondent's advances to the Sales Company and the investment in its stock was sustained in 1917, was deductible therefore, if at all, in that year, and might properly have been deducted by respondent in a separate return, if a separate return had been permissible. But the Government insists that the loss cannot be deducted in the mandatory consolidated return for 1917 because it occurred as the result of "intercompany" transactions.

We need not decide whether the loss resulted from intercompany transactions within the meaning of the regulations under later statutes [2] which broadly exclude from the consolidated returns profit or loss upon all such transactions. For neither the Revenue Act of 1917, nor § 1331 of the Revenue Act of 1921, nor the regulations under them [3] prescribe specifically the method of making up the consolidated return or require the elimination from the computation of the tax of the results of all intercompany transactions. Article 77 of Treasury Regulations 41 required every corporation to describe in its return " all its intercorporate relationships with other corporations, with which it is affiliated," and to " furnish such information in relation thereto as will enable the Commissioner of Internal Revenue to compute the amount of the tax properly due from each corporation on the basis of an equitable and lawful accounting." Article 78 authorizes the Commissioner to require consolidated returns of affiliated corporations " wherever necessary to more equitably determine invested capital or taxable income," and provides that " the total tax will be computed in the first instance as a unit on the basis of the consolidated return."

These provisions plainly do not lay down any rigid rule of accounting to be applied to consolidated returns which would exclude from the computation of taxable income the results of every intercompany transaction, regardless

[2] See art. 637, 864 of Treasury Regulations 45 under the Revenue Act of 1918; art. 635, 864 of Treasury Regulations 62 under the Revenue Act of 1921; art. 636 of Treasury Regulations 65 under the Revenue Act of 1924; art. 635 of Treasury Regulations 69 under the Revenue Act of 1926; art. 734 of Treasury Regulations 74 and art. 15, 31, 37 (a), 38 (b) of Treasury Regulations 75 under the Revenue Act of 1928.

[3] Article 1735 of Treasury Regulations 62, under § 1331 of the Revenue Act of 1921, merely refers to Treasury Regulations 41 under the Revenue Act of 1917.

of its effect upon the capital or the net gains or losses of the business of the affiliated corporations. Instead, they merely disclose the purpose underlying regulations and statute to prevent, through the exercise of a common power of control, any intercompany manipulation which would distort invested capital or the true income of the unitary business carried on by the affiliated corporations. Hence, no method of accounting, in calculating taxable income upon the consolidated return, can be upheld, which would withhold from the taxpayer all benefit of deduction for losses actually sustained and deductible under the sections governing the computation of taxable income, and which at the same time would not further, in some way, the very purpose for which consolidated returns are required.

Such, we think, is the effect of the method adopted by the Commissioner. The Sales Company suffered losses during the years 1914, 1915 and 1916 which could not be deducted in its separate returns for those years, because they were net losses, and which could not be deducted from the profits of the parent company because there was no consolidated return in those years. While it may be assumed that those losses affected the value of the stock owned by the parent company, the loss of its investment in the stock of the Sales Company and in advances to it could not be deducted by the parent company in its separate return for those years because the loss had not then been sustained with such finality as to permit its deduction under the applicable statute and regulations. So far as the loss from operation of the Sales Company in earlier years contributed to respondent's capital loss in 1917, deduction of the latter in the consolidated return involved no double deduction of losses of the business of the two companies during the period of their affiliation. As respondent's total loss in 1917 was reduced, before deduction in the consolidated return, by the amount of the

operating loss of the Sales Company for that year, there was no duplication of any losses accrued or sustained in that year.

The loss was a real one, suffered by respondent as a separate corporate entity, and it was equally a loss suffered by the single business carried on by the two corporations during the period of their affiliation, ultimately reflected in the 1917 loss of capital invested in that business. While equitable principles of accounting applied to the calculation of the net income of the business unit do not permit deduction of the loss twice, they do require its deduction once. Hence, the loss was deductible in 1917 under the statute and regulations controlling computation of taxable income, and its deduction is not forbidden by the regulations applicable to the consolidated return. Articles 77 and 78 of Treasury Regulations 41 would, indeed, require the elimination of any losses resulting from intercompany transactions the inclusion of which would defeat the purpose of consolidated returns to tax the true income of the single business of affiliated corporations, calculated by correct accounting methods. The deductions claimed here had no such effect.

*Affirmed.*