## COMMISSIONER OF INTERNAL REVENUE v. APARTMENT CORPORATION.

### No. 3484.

Circuit Court of Appeals, Fourth Circuit.

Oct. 3, 1933.

John G. Remey, Sp. Asst. to Atty. Gen. (Sewall Key and J. P. Jackson, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, on the brief), for petitioner.

Theodore B. Benson, of Washington, D. C., for respondent.

Before NORTHCOTT and SOPER, Circuit Judges, and GLENN, District Judge.

NORTHCOTT, Circuit Judge.

This is a petition to review a decision of the United States Board of Tax Appeals, involving income taxes for the year 1926 in the sum of $3,777.80. The findings of fact and opinion of the Board of Tax Appeals are reported in 26 B. T. A. 849.

The respondent is a Maryland corporation engaged in the real estate business, and beginning in the year 1920 made certain advances to the University Homes Company, also a Maryland corporation. On December 31, 1926, the balance due the respondent on such advances was $70,282.91. In 1921, the University Homes Company not being able to meet its obligations, the individual owners of its stock surrendered the same to the company. The University Company then reissued its stock to respondent, the Apartment Corporation, which corporation assumed all the obligations of the University Company. For the years 1921, 1922, 1923, 1924, 1925, and 1926 the respondent filed consolidated returns with other corporations, among them the University Company, as affiliated companies.

In the consolidated returns filed by respondent it claimed as deductions from its income for purposes of taxation the following sums, as having been lost in the operation of the University Homes Company: 1921 net loss, $50,764.31; 1922 net loss, $17,386.15; 1923 net loss, $10,619.55; 1924 net loss, $4,414.90; 1925 net loss, $2,546.38.

For the year 1926 it returned a profit of $2,727.30, from the operation of the University Company.

On December 31, 1926, the University Company, being unable to repay to the respondent the money due for advances made, turned over its assets totaling $42,299.24, which was $27,983.67 less than the amount due. This latter sum is the loss claimed by petitioner as deductible from its income for the year 1926. On the same day (December 31, 1926), the outstanding stock of the University Company, all of which was held by respondent, was surrendered for cancellation.

The Commissioner of Internal Revenue disallowed the loss claimed, and found a deficiency against the respondent.

On appeal to the Board of Tax Appeals the Board found in favor of the respondent and against the Commissioner, who thereupon filed this petition for a review of the decision of the Board.

The question involved is whether the respondent, having claimed, as deductible from its income, losses incurred by an affiliated company, greater than the total amount advanced to that company, both before and after affiliation, can, upon liquidation of the affiliated company, claim as an additional deduction from its income the amount of loss shown at the time of liquidation.

This court had before it the same question in the case of Burnet v. Riggs National Bank, 57 F.(2d) 980, 983, where we said:

"On the other hand, we are convinced that the Board of Tax Appeals was right in refusing to allow the claim of the Riggs Bank for the entire loss as at the time of the liquidation, because of the fact that a part of this loss had been deducted by the bank in its return for the first part of the year 1922. To allow the entire loss as of June 10, 1922, would have resulted in respondent receiving credit twice for a part of the loss. David M. Goodrich v. William H. Edwards, 255 U. S. 527, 41 S. Ct. 390, 65 L. Ed. 758; United

States v. Ludey, 274 U. S. 295, 47 S. Ct. 608, 71 L. Ed. 1054.

"Double credits equally with double taxation are to be avoided where possible in construing laws passed by Congress."

In a well-considered opinion in Hernandez, Collector, v. Charles Ilfeld Co., 66 F. (2d) 236, 240, decided by the United States Circuit Court of Appeals, Tenth Circuit, July 13, 1933, McDermott, Circuit Judge, fully discusses the same question, and among other things says:

"On the other hand, there is a natural repugnance to permitting the same loss to be twice deducted from taxable income. The losses heretofore allowed plaintiff, plus the loss now claimed, are nearly twice its entire investment in the subsidiaries—a manifest impossibility. Moreover, plaintiff reasons only by analogy, for the same income may be and often is taxed twice, as every stockholder of a corporation knows. It may not be fair, but it is not impossible. To say that plaintiff sustained a loss of $306,430.49 on a total investment of $168,812.49 is to say what cannot be. Nor is it clear that the losses taken in preceding years were operating losses, although they probably were.

"A corporation which each year deducts the operating losses of its subsidiary from its own income, ought not to be allowed to accumulate those losses and take them again when the subsidiary is finally liquidated. In the instant case, advances made to the subsidiary corporations from year to year were dissipated in the business, and the losses were used to offset the other income of the plaintiff. These advances are now used to augment the cost of the subsidiary, and the losses again utilized to offset other corporate income."

The Supreme Court in the case of Burnet v. Aluminum Goods Mfg. Co., 287 U. S. 544, 53 S. Ct. 227, 230, 77 L. Ed. 484, said: "So far as the loss from operation of the sales company in earlier years contributed to respondent's capital loss in 1917, deduction of the latter in the consolidated return involved no double deduction of losses of the business of the two companies during the period of their affiliation. As respondent's total loss in 1917 was reduced, before deduction in the consolidated return, by the amount of the operating loss of the sales company for that year, there was no duplication of any losses accrued or sustained in that year. * * * While equitable principles of accounting applied to the calculation of the net income of the business unit do not permit deduction of the loss twice, they do require its deduction once."

The losses already allowed the Apartment Corporation, prior to the year 1926, being in excess of the total losses sustained by reason of the advances to, operation and liquidation of, the University Homes Company, there can be, properly, no additional allowance upon the liquidation of the latter company, and the action of the Board of Tax Appeals was erroneous.

Since the argument of this case the Circuit Court of Appeals for the Ninth Circuit has handed down an opinion dealing with the question involved here [McLaughlin, Collector, v. Pacific Lumber Co., 66 F.(2d) 895, decided September 6, 1933], but for reasons given above we cannot agree with the conclusion there reached.

Reversed.