NATIONAL CASKET COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 50320. Promulgated October 20, 1933.

*James L. Dohr, Esq.*, for the petitioner.
*Philip M. Clark, Esq.*, and *Prew Savoy, Esq.*, for the respondent.

OPINION.

SMITH: The first question presented is the amount of the deductible loss sustained by the petitioner upon the liquidation of Hornthal & Co. as of April 30, 1928. The petitioner claims that the loss sustained was $105,355.07. The respondent admits that this would be the amount of the deductible loss were it not for the fact that Hornthal & Co. sustained operating losses for the fiscal years ended June 30, 1926, 1927 and 1928, in the aggregate amount of $100,359.37, which operated to reduce the taxable net income of the affiliated

group for the years in which sustained. The respondent contends therefore that the deductible loss of $105,355.07 should be reduced by the losses of Hornthal & Co. during the period of affiliation, and that the actual loss sustained from the liquidation of Hornthal & Co. was only $4,995.70. The petitioner contends that its actual loss upon the liquidation of Hornthal & Co. was not lessened by the fact that Hornthal & Co. had operating losses during the three fiscal years ended June 30, 1926, 1927 and 1928. It further contends that if the loss sustained is to be reduced in any amount it should not be reduced in an amount exceeding the operating loss of Hornthal & Co. for the fiscal year ended June 30, 1928, namely, $11,278.42; further, that in any event the loss of $105,355.07 should not be reduced by a greater amount than the net operating loss of Hornthal & Co. from the date of acquisition of the capital stock of that company, namely, July 1, 1924, to the date of liquidation in 1928, and that the net operating loss on such computation was only $57,267.40.

The question here presented has been before the Board and the courts a number of times. *United Publishers Corp.* v. *Anderson*, 42 Fed. (2d) 781; *Burnet* v. *Riggs Natl. Bank*, 57 Fed. (2d) 980; *Burnet* v. *Aluminum Goods Mfg. Co.*, 287 U.S. 544; *McLaughlin* v. *Pacific Lumber Co.*, 66 Fed. (2d) 895; *Hernandez* v. *Ilfeld Co.*, 66 Fed. (2d) 236. The facts in *Hernandez* v. *Ilfeld Co.*, *supra*, are substantially the same as those involved in this proceeding. The court there held that the loss on liquidation must be reduced by the net loss of the subsidiary during the period of affiliation; for otherwise the business unit would be obtaining a double deduction of a net operating loss. We reached the same conclusion in *Summerfield Co.*, 29 B.T.A. 77. We are of the opinion, therefore, that the liquidating loss sustained by the petitioner upon the liquidation of Hornthal & Co. in the fiscal year ended June 30, 1928, claimed to be in the amount of $105,355.07, must be reduced by the operating losses of $57,267.40 of the subsidiary during the period of affiliation.

The second question presented by this proceeding is the right of the petitioner to deduct from gross income as ordinary and necessary expenses an amount of $4,861.96 which the respondent has disallowed in the computation of a deficiency. At the hearing it was stipulated by the parties that of this total $2,586.96 constituted ordinary and necessary expenses deductible from gross income and that $2,275 was properly disallowed by the respondent.

The third point in issue is the right of the petitioner to deduct from gross income accruals of the Massachusetts excise tax within the taxable year ended June 30, 1928, of $6,088.94, $7,143.06 and $124.10. The first named amount represents the excise tax based upon the

petitioner's income for the fiscal year ended June 30, 1927. Both parties are agreed that the amounts of $7,143.06 and $124.10 are excise taxes which accrued on June 30, 1928, and are deductible from gross income. The only question is whether the item of $6,088.94 is also a legal deduction.

Under the Massachusetts Excise Tax Law, which was in force in 1927, the excise tax accrued for the fiscal year ended June 30, 1927, on April 1, 1928, although not payable until the following October. *H. H. Brown Co.*, 8 B.T.A. 112. By an amendment effective January 1, 1928 (ch. 258, Laws of Massachusetts, 1927), the above statute was amended to provide that the excise tax payable accrued as of the end of the calendar or fiscal year of the corporation. It was by virtue of the amendment that the parties stipulated that the excise taxes due upon the petitioner's business for the fiscal year ended June 30, 1928, accrued on June 30, 1928. The respondent raises the question, however, as to the date of accrual of the excise tax paid by the petitioner for the fiscal year ended June 30, 1927.

In General Counsel Memorandum 8553, Cumulative Bulletin IX-2, p. 109, it was held that under the Massachusetts Corporation Excise Tax Law, as amended April 15, 1927, effective January 1, 1928, in the case of a corporation which filed a return for the calendar year 1928 and kept its books of account on the accrual basis, there might be deducted in computing net income of that year the amount of excise taxes which had accrued upon the business of the year 1927 and which under the old law accrued April 1, 1928, and also those which accrued as of December 31, 1928. The respondent was of the opinion that the only result of the amendment, so far as it affected the excise tax liability of a corporation for the calendar year 1927, which accrued on April 1, 1928, was to set back the date of accrual to January 1, 1928, the effective date of the act. Whether this be a correct conclusion is not material to the proceeding at bar. Clearly, under the old law, this petitioner's tax liability for the amount of $6,088.94 accrued on April 1, 1928. The respondent makes no contention that the petitioner was exempt from payment of the $6,088.94 in question and the evidence shows that this amount was paid in October 1928. It is immaterial to decide whether the correct date of accrual was January 1 or April 1, 1928. In either event the petitioner, keeping its books of account upon the accrual basis, was entitled to deduct the amount. This issue is determined in favor of the petitioner.

*Judgment will be entered under Rule 50.*