*664 OPINION.
SteRNHAGEn :
This was so obviously a distribution to petitioner in complete liquidation of all its shares in the Bascom Co. that it deserves but brief consideration. The petitioner labors an argument (1) that the transaction was a purchase; (2) that, if a distribution, it was essentially the equivalent of an ordinary dividend; (3) that it was a statutory reorganization, and thus relieved from tax; (4) that the corporations were affiliated and filed a consolidated return; and (5) that upon a consolidated return the transaction was an intercompany transaction upon which no gain may be recognized.
The transaction was in destruction of the affiliation and was the occasion for the realization by petitioner of its investment in the Bascom stock. Commissioner v. Aluminum Goods Mfg. Co., 287 U.S. 544; Remington-Rand Co. v. Commissioner, 33 Fed. (2d) 77; certiorari denied, 280 U.S. 591. Were this not so, petitioner would still be not entitled to the benefits of a consolidated return, for it deliberately elected to file a separate return. Radiant Glass Co. v. Burnet, 54 Fed. (2d) 718. There was not a statutory reorganization, but quite the reverse, for instead of acquiring all the Bascom Co.’s property in a transaction which partakes of a merger or consolidation, cf. Pinellas Ice Cold Storage Co. v. Commissioner, 287 U.S. 462; Cortland Specialty Co. v. Commissioner, 60 Fed. (2d) 937; certiorari denied, 288 U.S. 599, it acquired it in a transaction which completely separated the two corporations. Finally, whether the acquisition of the property be for some legalistic purposes called a purchase, it was at the same time an acquisition in liquidation, to which the statute is expressly applicable, as the respondent has determined.
Having paid $29,100 for the shares in 1924 and 1925, and had the shares liquidated by the receipt of assets worth $89,863.53 in 1929, the respondent correctly held that petitioner realized in that year a taxable gain of $60,763.53.

Judgment will he entered for the respondent.