# CORCO OIL REFINING CORPORATION v. HELVERING, Com'r of Internal Revenue.

United States Court of Appeals for the District of Columbia.

Argued May 11, 1934.

Decided June 18, 1934.

Henry A. McCarthy, of Philadelphia, Pa., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Louise Foster, E. B. Prettyman, R. H. Jackson, and Nathan Gammon, all of Washington, D. C., for respondent.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

MARTIN, Chief Justice.

This is an appeal from a decision of the Board of Tax Appeals in a proceeding brought for the redetermination of a deficiency in income taxes of petitioner for the year 1928.

It appears that the petitioner, the Corco Oil Refining Corporation, was incorporated under the laws of the state of Delaware with an authorized capital of $150,000 divided into 1,500 shares of the par value of $100 each. These shares became the property of the Crystal Oil Refining Corporation, which was the owner of the entire capital stock of the Corco Corporation throughout the years 1927 and 1928. The corporations accordingly were affiliated companies. Section 142, Revenue Act of 1928, 45 Stat. 791 (26 USCA § 2142).

In the years 1927 and 1928 the Crystal Corporation as parent or principal company filed consolidated income tax returns for the two affiliated companies. In neither of these years did the Corco Corporation file any return of its own.

The consolidated return of the affiliated companies filed by the Crystal Corporation for the year 1927 disclosed a net income for Corco Corporation for that year in the sum of $84,873.11, and a net loss for Crystal Corporation for the same year of $127,636.19, being a combined net loss for 1927 of $42,763.08.

For the year 1928, the Crystal Corporation again filed a consolidated return for the affiliated companies showing after deductions a net income of $149,040.99. One of the deductions taken is set forth in the return as "Net loss for prior year" and is in the amount of $42,763.08.

It appears that the net loss thus deducted for the year 1927 resulted from the operations of the Crystal Corporation in that year. It was claimed by the company that under section 206 (b) of the Revenue Act of 1926 (26 USCA § 937 (b), the net loss of $42,763.08 aforesaid should be allowed as a deduction in computing the net consolidated income of the corporations for 1928. The Commissioner however disallowed this claim, upon the ground that inasmuch as the Crystal Corporation had shown a net loss for the year 1928, the net loss accruing from the prior year could not be added to it since under the statute the net loss for one year can only be deducted from the net income of the taxpayer for the succeeding year. We think the action of the Commissioner in this particular is plainly supported by the decision of the Supreme Court in Woolford Realty Co. v. Rose, 286 U. S. 319, 52 S. Ct. 568, 569, 76 L. Ed. 1128, opinion by Mr. Justice Cardozo, in which it is said: "Under that section of the statute, the losses suffered by the Piedmont Company in 1925 might have been deducted from its net income in 1926, and might thereafter, if not extinguished, have been deducted to the extent of the excess from its net income in 1927, the year in which its shares were acquired by the petitioner. But the Piedmont Company did not have any net income in 1927. Its operations for that year resulted in a loss. There was therefore nothing from

which earlier losses could be deducted, for the net income without any such deductions was still a minus quantity. The tax for the year was nothing, and the losses of other years could not serve to make it less."·

·The Commissioner then determined that the Crystal Corporation had a net loss of $8,849 in 1928, that the Corco Corporation had a net income of $200,653.07 in that year, and that there was an aggregate taxable net income for the year 1928 of $191,804.07. The aggregate net income so determined results from disallowing the item "Net loss for prior year $42,763.08" taken as a deduction in the 1928 consolidated return, and adding that amount to the net income of $149,040.99 reported in the return. The Commissioner thereupon determined a deficiency of $5,131.-57, and in the absence of an allocation agreement between the corporations the assessment was allocated to the Corco Company on the basis of the net income properly assignable by the provisions of section 240 of the Revenue Act of 1926 (26 USCA § 993 and note).

An appeal was then taken by the Corco Corporation and the Crystal Corporation as petitioners to the United States Board of Tax Appeals. Thereupon on motion it was held by the Board that the proceeding should be dismissed in so far as it was related to the Crystal Corporation for lack of jurisdiction of the Board because of the fact that no deficiency had been asserted by the Commissioner against that corporation for the taxable year 1928. Whereupon the Crystal Corporation was dismissed from the proceeding.

It is contended by appellant that the Corco Corporation was but a subsidiary of the Crystal Corporation and that the so-called income of the Corco Corporation for 1928 in the sum of $200,653.07 resulted solely from intercompany transactions, and consequently that it was not proper to include these amounts in the consolidated return filed for the affiliated corporations, nor to include them in the taxable income of the corporations. This contention is based upon the provisions of articles 731 and 734 of Treasury Regulations 74, promulgated under the Revenue Act of 1928. These provisions read in part as follows:

"Art. 731. Consolidated returns of affiliated corporations for 1928.—(e) In the event the affiliated corporations agree as to the proportion of the total tax to be assessed upon each affiliated corporation, an agreement in writing showing such apportionment. Unless such agreement accompanies the return, the tax shall be assessed and collected on the basis of income properly assignable to each affiliated corporation."

"Art. 734. Consolidated net income of affiliated corporations for 1928.—Subject to the provisions covering the determination of taxable net income of separate corporations, and subject further to the elimination of intercompany transactions (whether or not resulting in any profit or loss to the separate corporations), the consolidated taxable net income shall be the combined net income of the several affiliated corporations."

The provisions of article 734, supra, are identical with article 635 of Treasury Regulations 69, Revenue Act of 1926.

It is also claimed by the Corco Corporation that the assessment, if any, should have been made against the Crystal Corporation and not against the Corco Corporation, and inasmuch as the Crystal Corporation had been dismissed from this proceeding no assessment against it could be made herein, and the tax can only be assessed against it in some separate proceeding.

The Board of Tax Appeals held that these claims of the Corco Corporation were not sustained by the evidence.

We agree with this conclusion. It is manifest from the consolidated income-tax return filed by the Crystal Corporation as the parent or principal corporation of the affiliation for the year 1928 that a net income had been realized by the affiliated companies in the sum of $191,804.07. No claim was then made by the Crystal Corporation that the gains thus reported were nontaxable because they resulted from intercompany transactions. The only claim then made was that the gross amount of $191,804.07 should be reduced by $42,863.-08 because of the net loss carried over from the year 1927. It seems therefore that the contention later introduced into the record concerning the character of the gains as intercompany transactions should require very clear and convincing proof in order to establish it. Such proof does not appear in the record.

It is conceded that all of the transactions of the Corco Corporation were had with the Crystal Corporation and that the Corco Corporation had no dealings with any other party than the parent company. Accordingly, all of its transactions were intercompany transactions. But this fact alone does not necessarily exclude the gains or losses resulting from such intercompany transactions from the consolidated returns of the affiliated companies. The statute contains no limitation in regard to intercompany transactions, and the

regulations provide for the elimination only of those intercompany transactions which do not result in any actual gain or loss. As is said in G. C. M. 8618, IX–2 Cumulative Bulletin 180: "From a practical standpoint, in determining consolidated net income it is only necessary to eliminate from the combined net incomes of the several corporations, determined separately, the unrealized profits and losses in intercompany transactions. * * * To eliminate all intercompany transactions, whether or not they affect the consolidated taxable net income in determining the net income properly assignable to each member of the affiliated group, would give rather absurd results, showing large losses for some members of the group and excessive income for others." Such intercompany transactions as result in actual gains to any of the affiliated corporations must be recognized and considered in computing the net consolidated income.

The record in the present case clearly discloses that the Corco Corporation actually realized gains for the year 1928 in the amount determined by the Commissioner, and these are none the less assessable for income-tax purposes because of the fact that the company was affiliated with the Crystal Corporation during that year. See Burnet v. Aluminum Goods Co., 287 U. S. 544, 53 S. Ct. 227, 77 L. Ed. 484.

The decision of the Board of Tax Appeals is affirmed.

GRONER, Associate Justice, concurs in result.