**BALTIMORE & O. R. CO. v. COMMISSIONER OF INTERNAL REVENUE.**

**No. 3790.**

Circuit Court of Appeals, Fourth Circuit.

June 3, 1935.

Hugh C. Bickford, of Washington, D. C. (R. Kemp Slaughter, of Washington, D. C., on the brief), for petitioner.

Helen R. Carloss, Sp. Asst. to Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is a petition to review a decision of the United States Board of Tax Appeals and involves income taxes of the petitioner for the year 1925, in the amount of $336,725.86. The order of redetermination of the Board of Tax Appeals was entered June 8, 1934, and the petition to review was filed August 28, 1934, pursuant to the provisions of sections 1001 to 1003 of the Revenue Act of 1926 (c. 27, 44 Stat. 9 [26 USCA §§ 1224–1226]), as amended by section 1101 (a) of the Revenue Act of 1932 (c. 209, 47 Stat. 169 [26 USCA § 1224 (a)]).

There were a number of questions involved in the hearing before the Board, but only three points are involved in this appeal. There is no dispute as to the facts. The questions involved are:

(1) Whether the Commissioner erred in disallowing as a deduction from gross income in the year 1925 certain expenditures made by petitioner in that year in the amount of $2,500,770.41 for services, interest, and other current expenses incurred in the extension of its Southwestern Division 3½ per cent. mortgage bonds, with an added interest rate of 1½ per cent.

(2) Whether the Commissioner erred in disallowing as a deduction from gross income in the year 1925 the proper annual pro rata amount of total expenses of $2,153,885.86 incurred and paid prior to the year 1920, but subsequent to March 1, 1913, in the issuance of certain bonds.

(3) Whether the Commissioner erred in disallowing as a deduction from gross income in the year 1925 the sum of $103,744.92, which is the payment in that year by Sandy Valley & Elkhorn Railway Company, a subsidiary of the petitioner, to the United States Treasury for its indebtedness for excessive earnings during the six months' period of federal guaranty immediately following federal control of petitioner and its subsidiaries.

The petitioner is a Maryland corporation engaged in the business of operating a railroad and transportation system, either directly or through wholly owned subsidiaries. It has kept its books on the accrual system of accounting in accordance with the system of accounting prescribed by the Interstate Commerce Commission. It filed a consolidated return for the purposes of taxation for the year 1925. The petitioner's outstanding Southwestern Division first mortgage 3½ per cent. gold bonds, dated January 1, 1899, of the face value of $45,000,000, became due and payable on July 1, 1925. The mortgage under which these bonds were issued did not provide for any extension of the date of payment of the principal. On December 1, 1915, the petitioner issued its refunding and general mortgage in which it reserved, as against the purchasers and holders of bonds issued thereunder, the right to extend the date of maturity of these bonds.

Under date of April 1, 1925, the petitioner made application to the Interstate Commerce Commission for authority to extend the date of maturity of said bonds from July 1, 1925, to July 1, 1950, and to indorse thereon petitioner's obligation to pay additional interest at the rate of 1½ per cent. per annum. The Commission issued an order authorizing the petitioner to carry out its proposed plan. The petitioner proceeded to secure the extension authorized by taking certain steps which it is not necessary to specifically detail here.

The total payments made by the petitioner on account of this transaction, including payments of excess interest, printing, advertising, taxes, etc., together with certain payments to the Farmers Loan & Trust Company, reached a total of $2,523,240.41. This sum was charged against petitioner's income on its books of account and claimed as a deduction in its tax return for that year. The respondent allowed of this expenditure the sum of $22,500 paid out for documentary revenue stamps affixed to the $45,000,000 face value new 5 per cent. gold bonds, but of the remaining amount allowed as a deduction only 9⁄100, or $50,015.40, thereby disallowing the remainder of the amount expended as a deduction for the year 1925.

The theory upon which the respondent acted was that the expense disallowed

should be prorated and spread over the life of the new bonds issued. This action of the respondent was sustained by the Board.

Prior to the year 1920, it was the practice of the Commissioner of Internal Revenue to allow such expenses as a deduction for the year in which they were paid or incurred, but during 1920, and subsequent years, it has been the Commissioner's practice to amortize the expenses, except where they were claimed and allowed in returns for years prior to 1920.

We are of the opinion that this question is controlled by the decision of the Supreme Court, in Helvering v. Union Pacific Railroad Company, 293 U. S. 282, 55 S. Ct. 165, 167, 79 L. Ed. 363, where it was held that commissions or expenses incurred by a taxpayer on the accrual basis, in the issuance of its obligation, were not deductible in the same year, but should be prorated over the life of the bonds. In substance, the transaction was a sale of new bonds, and in any event the petitioner secured the continued use of capital which, but for the issue of the new bonds, it would have had to pay out on July 1, 1925. The benefits secured by the reissue of the bonds extended over the entire period of the life of the bonds, and the expenses involved in the transaction should likewise be prorated.

We held in Western Maryland Railroad Company v. Commissioner, 33 F.(2d) 695, that bond discount should be amortized over the life of the bonds, instead of being deducted in the year the bonds were issued. This principle is well settled. Helvering v. Union Pacific Railroad Co., supra; Old Mission Portland Cement Co. v. Helvering, 293 U. S. 289, 55 S. Ct. 158, 79 L. Ed. 367; New York, C. & St. L. R. Co. v. Burnet, 62 App. D. C. 29, 64 F.(2d) 152.

While the plan adopted to secure the issue of the new 5 per cent. bonds was somewhat involved, when the transaction was concluded we find that the old 3½ per cent. bonds had been, in effect, redeemed at par and new 5 per cent. bonds issued at .95, and while no new capital was secured by reason of the transaction the petitioner was relieved of the payment of the amount necessary to redeem the 3½ per cent. bonds, a payment that would have taken capital out of its business. Under the decision of the Supreme Court in Helvering v. Union Pacific Railroad Company, supra, the items of expense here involved might possibly have been properly chargeable to capital account. In that case the court said: "But even if the commissions, unlike discount, may, as the Government insists, be regarded as a contemporary expense of procuring capital, it is one properly chargeable to capital account."

Here, as in the Union Pacific Case, the petitioner incurred expenses in connection with the issuance of its new bonds, all of which cannot properly be attributed to the year 1925, but should be spread over the whole period of the life of the bonds.

It is well settled that a lessor who pays a broker a commission or incurs other expenses in securing a lease may not deduct the commission or expenses in one year, but must spread them over the life of the lease. Bonwit Teller & Co. v. Commissioner (C. C. A.) 53 F.(2d) 381, 82 A. L. R. 325, certiorari denied 284 U. S. 690, 52 S. Ct. 266, 76 L. Ed. 582; Home Trust Co. v. Commissioner (C. C. A.) 65 F.(2d) 532; Helvering v. Manhattan Life Ins. Co. (C. C. A.) 71 F.(2d) 292; Griffiths v. Commissioner (C. C. A.) 70 F.(2d) 946; Tonningsen v. Commissioner (C. C. A.) 61 F.(2d) 199; Spinks Realty Co. v. Burnet, 61 App. D. C. 321, 62 F.(2d) 860, certiorari denied, 290 U. S. 636, 54 S. Ct. 53, 78 L. Ed. 553; Meyran v. Commissioner (C. C. A.) 63 F. (2d) 986.

The action of the Commissioner of Internal Revenue as approved by the Board of Tax Appeals was correct.

We now come to the second point involved. Prior to the year 1920, but subsequent to March 1, 1913, the petitioner issued certain bonds, and in connection with their issue expended certain amounts. The petitioner charged such expenditure upon its books as expenses incurred in the years of payment and claimed and was allowed such expenses in its tax return for the respective years. In the year 1920, the Commissioner of Internal Revenue changed his practice and ceased to allow such expenses as deductions for the year in which they were paid or incurred, but held that such payments should be spread over the life of the bond. The petitioner claims that an amount equal to a pro rata annual part of the total expenses should be allowed for the year 1925, notwithstanding the fact that the deductions for the entire amount had already been allowed petitioner under the practice of the Commissioner prior to the year 1920. We cannot agree with this contention. To allow, in the year 1925, an amount that would be an annual pro rata

of the total would be to allow a double deduction. Merely because the Commissioner has changed his practice and now spreads the expenses of this character over the life of the issue of the securities, where previously he allowed them in the year in which they were paid, would not justify an allowance for something the benefit of which had already been received by the petitioner. Double deductions are to be avoided if possible. As we said in Burnet v. Riggs National Bank, 57 F.(2d) 980, 983:

"To allow the entire loss as of June 10, 1922, would have resulted in respondent receiving credit twice for a part of the loss. David M. Goodrich v. Williams H. Edwards, 255 U. S. 527, 41 S. Ct. 390, 65 L. Ed. 758; United States v. Ludey, 274 U. S. 295, 47 S. Ct. 608, 71 L. Ed. 1054.

"Double credits equally with double taxation are to be avoided where possible in construing laws passed by Congress."

See, also, Ilfeld Co. v. Hernandez, 292 U. S. 62, 54 S. Ct. 596, 78 L. Ed. 1127; Burnet v. Aluminum Goods Mfg. Co., 287 U. S. 544, 53 S. Ct. 227, 77 L. Ed. 484; United States v. Ludey, 274 U. S. 295, 47 S. Ct. 608, 71 L. Ed. 1054; Levi Strauss Realty Co. v. United States (C. C. A.) 41 F.(2d) 55.

The action of the Commissioner of Internal Revenue under the practice uniformly adopted by him since the year 1920 was unquestionably fair. Deductions are only allowable as provided by statute. New Colonial Ice Co. v. Helvering, 292 U. S. 435, 54 S. Ct. 788, 78 L. Ed. 1348; Burnet v. Thompson Oil & Gas Co., 283 U. S. 301, 51 S. Ct. 418, 75 L. Ed. 1049.

In the absence of a specific authorization, the deduction in 1925 of amounts, admittedly allowed previously, was properly disallowed, and the decision of the Board in sustaining the action of the Commissioner was right.

■■ On the third point the facts are as follows: In the consolidated return filed for the year 1925, the petitioner claimed a deduction of $189,944.79 for an amount paid to the United States for excessive earnings of the Sandy Valley & Elkhorn Railway, a subsidiary of the petitioner, during the guaranty period as provided in section 209 of the Transportation Act of 1920 (49 USCA § 77). It was later conceded that if any deduction was allowable, the amount to be deducted was $103,744.92, instead of the amount claimed.

The properties of the petitioner, and its subsidiaries, including the Sandy Valley & Elkhorn Railway Company, were under federal control from January 1, 1918, to February 29, 1920. Thereafter, the petitioner on behalf of itself and subsidiaries accepted the provision of section 209 of the Transportation Act. On June 13, 1925, the Interstate Commerce Commission entered its certificate designating the Sandy Valley & Elkhorn Railway Company as indebted to the United States in the amount of $189,944.79 for excessive earnings during the guaranty period. In the year 1925, the petitioner, having sold the Sandy Valley & Elkhorn Railway, paid the indebtedness in full and claimed the amount of the payment as a deduction from its gross income. The Commissioner of Internal Revenue has allowed a deduction for the amount paid to the Treasury of the United States by the Sandy Valley & Elkhorn Railway Company for the year 1920, and disallowed the deduction as claimed for the year 1925. The only question is whether the deduction was properly allowed for the year 1920, or should be allowed for the year 1925.

We are of the opinion that this question is controlled by the decision of the Supreme Court in the case of Continental Tie & L. Co. v. United States, 286 U. S. 290, 52 S. Ct. 529, 76 L. Ed. 1111, where the question involved was whether a payment similar to the one made here constituted taxable income for the year 1923, the year of the award and payment, or for the year 1920. The Supreme Court in that decision held that the award was taxable as accrued income for the year 1920, notwithstanding the amount of the award was not determined until a subsequent year.

It is uniformly held that payments for just compensation for use of the railroads during the period of federal control are to be accrued over the years of such control and do not constitute accrued income for the year in which the award is finally determined. Commissioner v. Midland Val. R. Co. (C. C. A.) 57 F.(2d) 1042; Helvering v. St. Louis Southwestern R. Co. (C. C. A.) 66 F.(2d) 633; Helvering v. Gulf, Mobile & Northern R. Co., 63 App. D. C. 244, 71 F.(2d) 953; Commissioner v. Old Dominion S. S. Co. (C. C. A.) 47 F.(2d) 148.

A deduction should be accrued when all events have occurred which fix the liability, even though the amount is uncertain. United States v. Anderson, 269 U. S. 422, 46 S. Ct. 131, 70 L. Ed. 347; American National Co. v. United States, 274 U. S. 99, 47 S. Ct. 520, 71 L. Ed. 946; Brown v. Helvering, 291 U. S. 193, 54 S. Ct. 356, 78 L. Ed. 725.

The case of Lucas v. Ox Fibre Brush Co., 281 U. S. 115, decided in this court as Ox Fibre Brush Co. v. Blair, 32 F.(2d) 42, 68 A. L. R. 696, relied upon on behalf of petitioner, is clearly distinguishable from the instant case. In the Ox Fibre Brush Case there was no liability at any time previous to the year in which the payment was made, and no previous obligation. Here the liability was created and fixed by the statute enacted in the year 1920, and the deduction was properly allowable for that year, and not for the year 1925 as is here claimed.

The decision of the Board on the three questions involved was correct, and it is accordingly affirmed.

Affirmed.