## CERRO DE PASCO COPPER CORPORATION v. UNITED STATES.

### No. K—460.

Court of Claims.
Feb. 3, 1936.

Campbell E. Locke, of New York City, for plaintiff.

Joseph H. Sheppard, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and LITTLETON, WHALEY, WILLIAMS, and GREEN, Judges.

LITTLETON, Judge.

The facts show that on August 15, 1916, the plaintiff, being the owner of all the outstanding capital stock of the Cerro de Pasco Copper Company, received from that company a transfer of all its assets, except the cash balance of $76,762.52, in exchange for all the capital stock so held, and that the copper company was dissolved August 17, 1916. July 2, 1917, the remainder of the sum so retained by the copper company, amounting to $60,786.84, was received by plaintiff. The defendant, because of these transfers, increased the net income reported by plaintiff for 1916 by the sum of $60,786.84 as profit derived in a liquidating dividend of the copper company upon its dissolution in that year; the resultant tax for 1916 amounted to $1,215.74.

On July 31, 1917, the plaintiff, being the owner of all the capital stock of the Cerro de Pasco Mining Company and the Morococha Mining Company, received by transfers by those companies, all of their assets in exchange for the surrender of their capital stock, and such companies were dissolved December 31, 1917. In the assets so transferred there was a net surplus of the two corporations in the respective amounts of $5,334,911.81 and $409,-654.60. In its return for 1917 plaintiff did not report any profit arising from the receipt of a liquidating dividend from the dissolution of these corporations and did not include, in its return, the surplus of either of these corporations. Upon audit of the return the Commissioner of Internal Revenue determined that plaintiff had realized a profit from the liquidating dividends received from the dissolution of these corporations and increased plaintiff's income by the amount of the above-mentioned surplus of the two corporations on the ground that such surplus constituted a profit derived from liquidating dividends.

The Commissioner also disallowed $24,-332.23 of the depreciation claimed by plaintiff on its return for 1917.

These adjustments in plaintiff's income for 1917 resulted in an additional tax of $225,299.99.

■ Plaintiff has not shown that the profit and resulting tax were incorrectly computed, but contends that its receipt of the assets of the corporations mentioned was an intercompany transaction and therefore a mere change of form resulting in no taxable gain, and that any gain or loss to it was not recognized by the statute then in force until a subsequent realization by sale or other disposition of the assets received upon liquidation of the corporations, all the stock of which plaintiff owned. This contention of plaintiff cannot be sustained. In Burnet v. Aluminum Goods Mfg. Co., 287 U.S. 544, 551, 53 S.Ct. 227, 230, 77 L.Ed. 484, the question was whether a deductible loss was sustained in the liquidation of a subsidiary, and the court said that "the loss was a real one, suffered by respondent as a separate corporate entity, and it was equally a loss suffered by the single business carried on by the two corporations during the period of their affiliation, ultimately reflected in the 1917 loss of capital invested in that business." In that case the government insisted, as the plaintiff insists here, that the loss resulted from an intercompany transaction and, therefore, that it was not deductible, but the court rejected that contention. While that case involved a deductible loss and the case at bar involves a taxable gain derived through a liquidating dividend, there can be no material distinction for if a deduction of a sustained loss is permitted certainly a profit derived is taxable. Remington Rand, Inc., v. Commissioner (C.C.A.) 33 F.(2d) 77; Burnet v. Riggs National Bank (C.C. A.) 57 F.(2d) 980; Houghton & Dutton Co. v. Commissioner, 26 B.T.A. 1420, and American Printing Co. v. Commissioner, 27 B.T.A. 1270.

■ The next item relates to a disallowance of a deduction for depreciation in the amount of $24,332.23, which disallowance plaintiff claims was erroneous. The only information before the court on this feature of the claim is a computation by plaintiff of the depreciation in accordance with its view that the costs to the former owners should be used, but this fails to establish that the decision of the Commissioner of Internal Revenue was wrong. The Commissioner correctly used the value of the assets at the time they were acquired by plaintiff. Plaintiff had the burden of proving by competent evidence that the depreciation to which it was entitled for 1917 was in excess of that allowed by the Commissioner. American Printing Co. v. Commissioner, supra; American Printing Co. v. United States

(D.C.) 53 F.(2d) 98; Helvering v. Taylor, 293 U.S. 507, 55 S.Ct. 287, 79 L.Ed. 623; B. Frank Bushman, Adm'r of Estate of James H. Pound, v. United States, 8 F. Supp. 694, 80 Ct.Cl. 175. This it has failed to do. The petition must therefore be dismissed, and it is so ordered.