# 1008

MANCHESTER SAVINGS BANK AND TRUST COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 79658.  Promulgated September 29, 1936.

*Walter W. McVay, Esq.*, for the petitioner.
*Owen W. Swecker, Esq.*, for the respondent.

## OPINION.

HILL: This is a proceeding for the redetermination of a deficiency in income tax for the year 1932 in the amount of $1,552.44. The issues raised by the pleadings are (1) whether respondent erred in failing to treat the return filed for the year 1932 as a consolidated return of petitioner and its affiliate, the Manchester Realty Co., or, on the other hand, to permit the filing of a consolidated return for said companies; and (2) whether respondent erred in determining that petitioner realized a profit in the taxable year upon the liquidation of its affiliate, computed on the basis of reducing the cost to petitioner of the stock of the affiliate in the aggregate amount of losses sustained by the affiliate during the period of affiliation as reflected in the consolidated returns filed during such period.

The facts were stipulated by the parties as follows:

The Manchester Savings Bank and Trust Company owned all of the capital stock of the Manchester Realty Company from 1917 to the date of its liquidation in 1932.

From 1917 to 1931, inclusive, the Manchester Savings Bank and Trust Company filed consolidated returns in which it reported the net income and net losses of the Manchester Realty Company for each of the respective years.

For the year 1932 the Manchester Savings Bank and Trust Company filed a separate income tax return, no return whatsoever being filed by the Manchester Realty Company.

The net income and net losses of the Manchester Realty Company for the years 1917 to 1931, inclusive, as reflected in the consolidated returns, were as follows:

| Year | Income | Loss | Year | Income | Loss |
|------|--------|------|------|--------|------|
| 1917 | $1,170.15 | | 1925 | | $132.43 |
| 1918 | 3,380.77 | | 1926 | $248.93 | |
| 1919 | 2,151.70 | | 1927 | | 1,221.32 |
| 1920 | 3,718.31 | | 1928 | | 1,338.24 |
| 1921 | 1,384.76 | | 1929 | | 2,537.03 |
| 1922 | 144.19 | | 1930 | | 298.32 |
| 1923 | 392.39 | | 1931 | | 212.48 |
| 1924 | | $5.30 | | | |

The respondent computed the gain on liquidation as follows:

Value of assets received from Manchester Realty Company, $13,169.45; cost of stock, $9,500.00, less losses sustained by the Manchester Realty Company and deducted on consolidated returns filed by Manchester Savings Bank and Trust Company, $5,745.12; net cost, $3,754.88; gain on liquidation, $9,414.57.

The value of the assets received by the Manchester Savings Bank and Trust Company from Manchester Realty Company upon liquidation, in the amount of $13,169.45, and the cost of stock of the Manchester Realty Company to the Manchester Savings Bank and Trust Company, in the amount of $9,500.00 are agreed upon.

The first point on which petitioner complains is that respondent erred in failing to treat its separate return filed for the taxable year as a consolidated return, or, on the other hand, to permit the filing of a consolidated return, for itself and subsidiary. The purpose of this contention is to bring petitioner within article 37 (a) of Regulations 78, promulgated under the Revenue Act of 1932, which provides that gain or loss shall not be recognized upon a distribution during a consolidated return period, by a member of an affiliated group, in cancellation or redemption of all or any portion of its stock; and that any such distribution shall be considered an intercompany transaction.

Under the provisions of section 141 of the 1932 Act, petitioner had the privilege of filing a consolidated return for the taxable year by consenting to and complying with the regulations issued thereunder. It did not elect to exercise such privilege, but filed a separate return, which was accepted by respondent and its tax liability determined thereon. It was prohibited thereafter from changing its method of reporting for such year by article 10 of Regulations 78, which provides that the privilege of making a consolidated return for any taxable year of an affiliated group must be exercised at the time of making the return of the common parent corporation for such year, and under no circumstances can such privilege be exercised at any time thereafter. These regulations, being in conformity with the statute and issued pursuant to its expressed authority, have the same force or effect as statutory provisions. We think respondent did not err in the particulars alleged, and the provisions of article 37 (a), *supra*, that neither gain nor loss shall be recognized from a liquidation occurring during a consolidated return period has no application here, since the liquidation of petitioner's subsidiary did not take place during such period.

The second and principal contention of petitioner is that respondent erred in computing the profit realized upon the liquidation of its subsidiary by reducing the cost basis of the subsidiary's stock in the aggregate amount of losses sustained by the subsidiary in prior years and reflected in consolidated returns filed by the affiliated group for such years.

Article 37 (b) of Regulations 78 provides that any distribution in liquidation by a member of an affiliated group after a consolidated return period shall be treated as a sale of the stock, and article 34 provides that from the base there shall be deducted the sum of the losses of the issuing corporation sustained during each of the consolidated return periods.

These regulations are in harmony with G. C. M. 11676, C. B. XII-1, p. 75, in which appears an extended discussion of consolidated returns of affiliated corporations for 1932 and subsequent taxable years, including an analysis of court and Board decisions on the general subject. It is now well settled by the decisions (1) that upon the surrender and cancellation of stock in complete liquidation of a subsidiary the liquidation occurs after the termination of affiliation, and any gain derived or loss sustained should be reported in the separate return of the parent company for the taxable year immediately following the termination of affiliation; and (2) that in computing gain or loss from such liquidation the parent's investment in the subsidiary's stock should be reduced by the aggregate amount of the subsidiary's operating losses used in preceding consolidated returns to offset the income of the parent company, such operating losses not to be diminished by prior operating profits of the subsidiary for any year reported in the consolidated returns. This rule is applicable to all years, including 1932, where the liquidation occurs after a consolidated return period. See *Riggs National Bank*, 17 B. T. A. 615; affd., 57 Fed. (2d) 980; *Burnet* v. *Aluminum Goods Manufacturing Co.*, 287 U. S. 544; *Commissioner* v. *National Casket Co.*, 78 Fed. (2d) 940, modifying 29 B. T. A. 139.

However, petitioner says that the above cited decisions rest upon the theory that by filing the consolidated returns and using the operating losses of the subsidiary to offset its own taxable income, the parent corporation for tax purposes thereby in effect reduces *pro tanto* its investment in the subsidiary's stock, but where such result is not effected by the filing of consolidated returns this principle should not be applied. Petitioner further asserts that if the affiliated corporations involved here had filed separate instead of consolidated returns for the years prior to 1932, each would have been entitled, under section 236 (b) of the Revenue Acts of 1924 and 1926, to a specific credit of $2,000, and that if separate returns had been so filed there would have been a greater saving in tax than was

effected by the filing of consolidated returns in which the subsidiary's operating losses were deducted. Petitioner contends, therefore, that the rule established by the cited decisions should not be applied in the present case.

We are not impressed by this argument. Tax liability must be determined upon the basis of what was actually done, not upon events which might but did not happen. Petitioner filed consolidated returns for itself and affiliate for the years prior to 1932, and for the latter year it filed a separate return. Petitioner must now abide by its election and suffer the disadvantages, if any, as well as enjoy the benefits, resulting therefrom.

In any event, the fact remains that by filing consolidated returns for the prior years petitioner received the benefit of the subsidiary's operating losses by way of deductions from its own taxable income, and it may not again deduct the same amounts in computing the taxable profit derived upon liquidation of its subsidiary. Whether or not it might have effected a further saving of tax by reporting on a different basis is immaterial.

Respondent's determination is approved.

*Judgment will be entered for the respondent.*