SPOKANE DRY GOODS CO. v. COMMISSIONER OF INTERNAL REVENUE.

No. 9856.

Circuit Court of Appeals, Ninth Circuit.

Feb. 18, 1942.

Roger L. Shidler, of Seattle, Wash., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch, Louise Foster, and Arthur A. Armstrong, Sp. Assts. to Atty. Gen., for respondent.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City as Amici Curiae (H. Maurice Fridlund, James R. Roberts, and Edward L. Stevens, Jr., all of New York City, of counsel), amici curiae.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This proceeding is upon petition to review a decision of the United States Board of Tax Appeals. The Commissioner of Internal Revenue determined against petitioner a deficiency in its income tax return for the calendar year 1938, in the amount of $479.75. The Board upheld the Commissioner and petitioner appeals.

Petitioner is a corporation of the State of Washington. In 1936 its board of directors declared a dividend on its common stock, payable in cash or in notes of the corporation at the election of the stockholders. A total dividend of $120,000 was declared and of this amount $94,026 was paid in promissory notes having an actual value at the time of delivery equal to their face value. In its income tax return for the calendar year 1936, petitioner claimed and was allowed a dividends-paid credit of $120,000 as against net income in the computation of the surtax on undistributed profits. This credit was taken pursuant to section 27(d) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 837.[1]

---

1 "Dividends in Obligations of the Corporation. If a dividend is paid in obligations of the corporation, the amount of the dividends paid credit with respect thereto shall be the face value of the obligations, or their fair market value at the time of

In the calendar year 1938, petitioner paid to the holders of its promissory notes the sum of $35,830.30, which sum represented the remaining principal balance of the notes issued in 1936. Petitioner claims it is entitled to a dividends-paid credit for the $35,830.30 under the provisions of section 27(a) (4) of the Revenue Act of 1938, 26 U.S.C.A. Int.Rev.Acts, page 1021. This section provides that "Amounts used or irrevocably set aside to pay or to retire indebtedness of any kind * * *" are to be included in the dividends-paid credit. The Board of Tax Appeals held that petitioner was not entitled to the dividends-paid credit for the year 1938 on the ground that section 27(e) of the Revenue Act of 1938,[2] which deals with dividends payable in obligations of the corporation, prevails over section 27(a) (4) and by implication excludes from section 27(a) (4) indebtedness in the form of dividends payable in notes of the corporation. From this decision petitioner appeals.

It thus appears that petitioner is claiming for 1938 a second deduction of the $35,830.30 which had been allowed as a part of the $120,000 deducted for 1936. In construing the provisions of the Revenue Act of 1938, we are governed by the principle that the right to a deduction must be clearly apparent from the statute[3] and by the rule against interpretations which allow a double deduction.[4]

Section 27(a) (4) on which petitioner relies gives a credit for the payment of indebtedness *of any kind*. Standing alone this section clearly authorizes the credit claimed by petitioner. However, section 27(e) of the same Act expressly covers the type of indebtedness occurring here—the indebtedness arising out of the declaration of dividends payable in the obligations of the corporation. Under this section the amount to be included in computing the dividends-paid credit *for the year of issuance* is the fair market value or the face value, whichever is lower. The only occasion on which the credit is allowed *in the year the notes are paid* is when there is a difference between the market value and the face value. It is clear that this section applies to this case and that under its provisions petitioner is not entitled to the claimed credit, as there is no difference in the face value and the market value of its notes. Therefore, if this section applies to the exclusion of section 27(a) (4), petitioner fails.

In order to sustain petitioner's position the two sections must be held to be entirely independent of each other. A study of the sections in question shows that such is not the case. Section 13 of the Revenue Act of 1938, 26 U.S.C.A. Int.Rev.Acts, page 1004, deals with the tax on corporations.[5] It provides that a tentative tax shall be computed equal to 19 per centum of the

the payment, whichever is the lower. If the fair market value is lower than the face value, then when the obligation is redeemed by the corporation, the excess of the amount for which redeemed over the fair market value at the time of the dividend payment (to the extent not allowable as a deduction in computing net income for any taxable year) shall be treated as a dividend paid in the taxable year in which the redemption occurs."

[2] Section 27 (e) of the Act of 1938, 26 U.S.C.A. Int.Rev.Acts, page 1022, takes the place of and is similar to section 27 (d) of the Act of 1936, footnote 1. Section 27 (e) provides: "Dividends in obligations of the corporation.—If a dividend is paid in obligations of the corporation, the amount with respect thereto which shall be used in computing the basic surtax credit shall be the face value of the obligations, or their fair market value at the time of the payment, whichever is the lower. If the fair market value of any such dividend paid in any taxable year of the corporation beginning after December 31, 1935, is lower than the face

value, then when the obligation is redeemed by the corporation in a taxable year of the corporation beginning after December 31, 1937, the excess of the amount for which redeemed over the fair market value at the time of the dividend payment (to the extent not allowable as a deduction in computing net income for any taxable year) shall be treated as a dividend paid in the taxable year in which the redemption occurs."

[3] White v. United States, 305 U.S. 281, 292, 59 S.Ct. 179, 83 L.Ed. 172; Deputy v. Du Pont, 308 U.S. 488, 493, 60 S.Ct. 363, 84 L.Ed. 416.

[4] Ilfeld Company v. Hernandez, 292 U. S. 62, 68, 54 S.Ct. 596, 78 L.Ed. 1127; Burnet v. Aluminum Goods Co., 287 U. S. 544, 551, 53 S.Ct. 227, 77 L.Ed. 484.

[5] "Sec. 13. Tax on corporations in general.

&ast; &ast; &ast; &ast; &ast;

"(c) General rule.—The tax computed under this subsection shall be as follows:

"(1) A tentative tax shall first be computed equal to 19 per centum of the adjusted net income.

adjusted net income and that the amount of the tax so computed shall be reduced by 2½ per centum of the dividends-paid credit provided in section 27. Section 27(a) defines the dividends-paid credit to be the sum of the following four items:

1. The basic surtax credit for the year (which is defined as the sum of the dividends paid during the year[6])..

2. The dividend carry-over to such year.

3. The amount, if any, by which any deficit in the accumulated earnings and profits, as of the close of the preceding taxable year, exceeds the amount of the credit provided in section 26(c).

4. Amounts used or irrevocably set aside to pay indebtedness of any kind.

Section 27(b) defines basic surtax credit; section 27(c) defines a dividend carry-over; section 27(d) defines the method of computing the basic surtax credit when dividends are paid in property other than money; and section 27(e) defines the method of computing the basic surtax credit when dividends are paid in obligations of the corporation.

It is clear that these sections are all related. Section 27(a) (1) to (4) define the items which comprise the dividends-paid credit. One item is the amounts used to pay indebtedness of any kind. Another item is the basic surtax credit which is the sum of the dividends paid during the year and which includes in it dividends paid in obligations of the corporation as provided in section 27(e). Thus, if item 4 above includes indebtedness in the form of dividends paid in obligations of the corporation in the term "indebtedness of any kind," it is apparent that there is a duplication, for item 1 above also includes this type of indebtedness. For example, on

July 1st, a corporation could declare and pay a dividend in notes of the corporation, and on December 1st, pay off the dividend notes. If the several provisions of the Act were to be regarded as separate and isolated, the corporation would be entitled to two deductions for the same amount in the same year,—namely, a deduction under 1, for the dividend paid with notes, and under 4, for the payment of the notes. This double deduction is not conceivably the congressional intent.

■ The Treasury Department has ruled against such a double deduction in its Regulation 101, promulgated under the Revenue Act of 1938, and approved July 15, 1938, which provides: "Art. 27(a)-3. Amounts Used or Irrevocably Set Aside to Pay or to Retire Indebtedness.—(a) * * Double credits are not permitted, either for the same year or for separate years. Thus, amounts which have been or may be properly taken as a credit pursuant to section 27(e) of the Act or section 27(d) of the Revenue Act of 1936 (both sections relating to dividends in obligations of the corporation) may not again be included in the dividends-paid credit under section 27(a) (4) when the obligations are paid. * * * *."

Congress must be deemed to have accepted this interpretation, for in amending section 27(a) (4) in 1939,[7] after the adoption of the Regulation, it did not change the wording of "indebtedness of any kind."

■ The decision of the Board of Tax Appeals, holding that section 27(a) (4) does not cover the payment of indebtedness arising out of the declaration of dividends payable in obligations of the corporation, should be sustained.

Affirmed.

---

"(2) The tax shall be the tentative tax reduced by the sum of—

"(A) 16½ per centum of the credit for dividends received provided in section 26 (b); and

"(B) 2½ per centum of the dividends paid credit provided in section 27, but not to exceed 2½ per centum of the adjusted net income. * * * *"

[6] Section 27 (b) provides: "Basic surtax credit.—As used in this title the term 'basic surtax credit' means the sum of:

"(1) The dividends paid during the tax-

able year, increased by the consent dividends credit provided, in section 28, and reduced by the amount of the credit provided in section 26 (a), relating to interest on certain obligations of the United States and Government corporations; * * *."

[7] Section 222 (c) of the Revenue Act of 1939, c. 247, 53 Stat. 862, 879, U.S.C., Supp. V, Title 26, Sec. 27, 26 U.S.C.A. Int.Rev.Code, § 27(a) (4), amended this section.